### H. W. Moore v. Powers Brothers.

Delivered June 3, 1897.

**1.  Judgment in Joint Action Held Final.**

Plaintiff's action was in Justice Court upon an account for goods against the buyer and a guarantor, and the judgment rendered (there being no jury) was, that "plaintiffs failed to make a case against defendant H., the guarantor.  It is therefore ordered (etc.), that plaintiffs take nothing by this suit, and that defendant H. go hence without day."   *Held*, a final judgment against both the defendants; and that if, as the record upon its face indicates, the other defendant appeared with H. and defended the suit, the judgment as rendered would be a bar to plaintiff's recovery in another suit, upon the same cause of action, against such other defendant.

**2.  Verified Account—Affidavit Not Impeachable Without Counter Affidavit.**

Where plaintiff sues upon a verified account, defendant will not be permitted to impeach the credibility of the affiant, who swears to the account and his knowledge of its justice, unless he has filed a counter affidavit, as required by the statute.

**3.  Same—Payment or Offset May Be Proved Without Counter Affidavit.**

Where plaintiff sues upon an account verified under the statute, the absence of the statutory counter affidavit will not preclude defendant from proving that the account has been paid in whole or in part, or from proving a counterclaim.

Appeal from the County Court of Houston.  Tried below before Hon. A. A. Aldrich.

*H. W. Moore,* pro se.

No brief for appellees reached the Reporter.

PLEASANTS, Associate Justice.—Appellees sued, in Justice Court of Houston County, the appellant and appellant's minor son, H. C. Moore. The suit was filed in February, 1895, and was based upon a verified account for $142, alleged to be due from H. C. Moore for goods sold and delivered to him by Powers Brothers, at the several dates in said account mentioned, and at the prices therein specified, in accordance with the terms of a special contract between the vendors and the vendee; and upon a letter of credit, or guaranty, executed by the defendant H. W. Moore, which is in these words:

"June 20, 1893.

*"Powers Bros., Chicago, Ill.:*

"Gentlemen—Please allow Mr. H. C. Moore, of Crockett, State of Texas, credit for such desks or other articles as he may desire to purchase from time to time to an amount not exceeding $200, each bill to be paid

within sixty days from date of shipment. I will be responsible to you for the shipment of same, including all transportation charges on goods shipped, and including legal business, should it become necessary to enforce collection, provided the agent mentioned should fail to meet his obligation at the proper time.   Yours respectfully,

"H. W. MOORE,

"Lawyer by Occupation, Crockett, Texas."

Upon trial of the cause before the justice of the peace, judgment was rendered against the plaintiffs, and which judgment is thus entered on the justice's docket:

"POWERS BROS.                ⎫
"2332.        v.              ⎬  Court in session January 27, 1896.
"H. W. MOORE AND H. C. MOORE. ⎭

"This day this cause came on to be heard, and both plaintiffs and defendants by their attorneys appeared and announced ready for trial.  A jury being waived, the matters of fact as well as of law were submitted to the court, and after hearing all the facts in evidence, and argument of counsel, it is the opinion of the court that the plaintiff failed to make a case against the defendant H. W. Moore, guarantor.  It is therefore ordered, adjudged, and decreed by the court that the plaintiffs, Ordell H. Powers and Benjamin A. Fowler, take nothing by this suit, and that defendant H. W. Moore go hence without day (delay) and with his costs, and that the said H. W. Moore have his execution against said plaintiffs, Ordell H. Powers and Benjamin A. Fowler, on their cost bond for all costs in this said cause, and that the officers of the court have their execution against each party respectively, for cost by them in this behalf expended.

"C. W. ELLIS, J. P.

"Plaintiff in open court gives notice of appeal."

From this judgment the plaintiffs gave notice of appeal, but failed to give bond within the prescribed time, and afterwards sued out a writ of certiorari, and thus perfected an appeal to the County Court of Houston County; and upon trial of the cause in that court, judgment was rendered for appellees against appellant for the sum of $140, with interest from date of judgment at the rate of 6 per centum per annum; and from this judgment H. W. Moore appeals to this court.  In the County Court, the plaintiffs alleged that H. C. Moore was a minor at the time of the sale of the goods to him, and that he was insolvent, and they sought judgment against appellant H. W. Moore only.  The appellant insists that the County Court had not jurisdiction of the cause, because the judgment rendered in the Justice Court was not a final judgment, in that it does not adjudicate as to the right of plaintiffs in error to recover against the defendant H. C. Moore; or, in other words, that the judgment rendered fails to dispose of the case as to each and all of the parties.  In this view

this court does not concur. In our opinion the judgment is against the plaintiffs as to both of the defendants; the language is, that "the plaintiffs take nothing by this suit," and not that they "take nothing as against the defendant H. W. Moore." If, as the record upon its face indicates, the defendant H. C. Moore appeared with the other defendant and defended the suit, the judgment as rendered would be a bar to plaintiff's recovery in another suit upon the same cause of action against H. C. Moore. We are of the opinion, therefore, that the judgment of the Justice Court should be held to be a final judgment. Nor do we think there was error committed by the County Court in refusing to transfer the cause to the District Court, as the county judge was not disqualified to try and determine issues joined between the parties; he was related to no one of the parties, nor to any one, so far as the record shows, having an interest in the result of the suit. Nor do we think the appellant's third assignment of error is well taken. · The pleading of the plaintiffs, which, under this assignment, it is assumed sets up a new and different cause of action than the one sued on in the Justice Court, does not, in our judgment, set up a new cause of action, but simply avers matters of fact in reply to the facts set up by the defendant, H. W. Moore, as a bar to recovery by plaintiffs upon his guaranty.

There was no error in refusing the appellant's application to show that the plaintiff who swore that the account sued on was, within his knowledge, just and true, was not a member of the firm of Powers Brothers at the time of the sale and shipment of the goods to the defendant H. C. Moore; and that one F. A. Beal, one of the firm of Powers Brothers at the time of the sale and shipment of the goods, collected the price of all goods sold at that time, and that all shipments of goods were made under his directions. This evidence was offered for the purpose of impeaching the testimony of the affiant. These facts might all be true, and yet it is possible that affiant had personal knowledge of the facts sworn to by him. For aught that appears, the affiant may have shipped the goods under the direction of Beal; he afterwards became a partner of the firm, and acquired an interest in the account sued on, and how he acquired personal knowledge that the account sued on was "just and true" is not a pertinent inquiry in this suit. The statute provides that an account sued on, when supported by the prescribed affidavit, shall be considered as proved, unless the defendant shall file a counter affidavit. Unless such affidavit shall be made by defendant, to permit him to impeach the credibility of the plaintiff who verifies the account would defeat the purpose of the statute.

We are of the further opinion that the court did not err in holding that the account was an open account, and one which is within the provision of article 2323, Revised Statutes of 1865. But the court erred in holding that the defendant could not show, in the absence of a counter affidavit, that the account had been paid in whole or in part. The statute relieves the plaintiff from making any proof of the sale and delivery of the articles charged in an account, or as to the prices thereof, when the account is verified as required by law, unless the defendant shall file a counter affidavit,

.showing wherein the account sued on is not "just and true." But this does not preclude proof on the part of the defendant, under a proper plea, that the account has been paid in whole or in part. Nor does it prohibit the defendant, under an appropriate plea, from proving a counter claim against the plaintiff; and we hold, therefore, that the assignments of error based upon the error of the court here pointed out are well taken. Railway v. McTiegue, 1 White & W. C. C., sec. 461; Bach v. Ginoccio, 1 Id., .sec. 1316; Cahn v. Salinas, 2 Willson C. C., sec. 104.

The judgment is reversed and the cause remanded for another trial, in accordance with the law as expressed in this opinion.

*Reversed and remanded.*