### O. M. CARTER v. FORBES LITHOGRAPH MANUFACTURING COMPANY.

Decided January 4, 1900.

**1. Appeal Bond—Sureties.**

A surety upon a bond made during the progress of a cause, although judgment be rendered against him as such, may become surety upon an appeal or writ of error bond to the Court of Civil Appeals.

**2. Same—Parties Not Joined in Appeal.**

Where judgment has been rendered below against certain persons as sureties on the defendant's appeal bond from the justice court, and defendant sues out a writ of error to the Court of Civil Appeals, but such sureties do not so appeal, the supersedeas bond for writ of error need not be made payable to them, as they are not parties adversely interested.

**3. Same—Essential Condition Omitted.**

A supersedeas bond on appeal which omits the condition to "pay all such damages as the court may award against him," is fatally defective.

ERROR from the County Court of Harris. Tried below before Hon. E. H. VASMER.

*W. G. Love,* for plaintiff in error.

*Ross & Wood,* and *Patrick Eagan,* for defendant in error.

GARRETT, CHIEF JUSTICE.—The defendant in error has filed a motion to dismiss the writ of error in this case for the following reasons, to wit:

(1) C. A. McKinney and John A. Milroy, who are the sureties on the plaintiff in error's supersedeas bond for writ of error to this court, were the sureties upon his appeal bond from the Justice Court to the County Court, and judgment was rendered against them as such in the County Court.

(2) The bond is not made payable to McKinney and Milroy, who do not appeal.

(3) The bond is not conditioned as required by law, in that it is not conditioned that plaintiff in error shall "pay all such damages as said court may award against him."

(4) The plaintiff in error's brief has not been filed in the court below.

1. According to the most recent decisions of our Supreme Court and Courts of Civil Appeals it seems that a surety upon a bond made during the progress of a cause, although judgment may be rendered against him as such, may become surety upon an appeal or writ of error bond to this court. Sampson v. Solinsky, 75 Texas, 663; Peoples v. Rogers, 11 Texas Civ. App., 447. It was said in Trammell v. Trammell, 15 Texas, 291, "the question is not whether the appeal bond will give any additional security, but whether it gives sufficient security." The conflicting decisions of the Supreme Court are reviewed in Sampson v. Solinsky, supra. Riverside Lumber Company v. Lee, 7 Texas Civil Appeals, 522, is not thought to be in conflict with the authorities cited.

2. Judgment was rendered in the County Court against the plaintiff in error and against McKinney and Milroy as the sureties upon his appeal bond from the Justice Court. McKinney and Milroy have not appealed or joined in the writ of error. It was not necessary for the plaintiff in error to make his writ of error bond payable to them and thus make them parties to the writ of error, since they were not interested adversely to him. 1 Batts' Ann. Stats., note 6452; 2 Sayles' Texas Civ. Prac., sec 1134; Landa v. Lattin Bros., 19 Texas Civ. App., 246.

3. The writ of error bond filed by the plaintiff in error is intended as a supersedeas bond and is conditioned as such, except that it omits the condition that the plaintiff in error shall "pay all such damages as said court may award against him." The condition that "he shall perform its judgment, sentence, or decree" has been held not to be sufficient. Both conditions are required. Reid v. Fernandez, 52 Texas, 379.

As the writ of error bond is held insufficient, the fourth ground for dismissal will not be passed upon. Plaintiff in error is allowed ten days in which to file a new bond. In default thereof the writ of error will be dismissed.

*Ordered accordingly.*