BLACKWELL DURHAM TOBACCO COMPANY v. L. A. JACOBS.

Decided October 27, 1909.

**Verified Account—Evidence.**

Where, in a suit upon a verified account, the defendant in his sworn answer admitted, in effect, that the account was correct as far as it went, but that he was entitled to a certain credit which did not appear in the account, the burden of proof was upon the defendant to establish his defense, and when the evidence upon the trial consisted only of the verified account and the sworn answer of defendant, the plaintiff was entitled to judgment for the balance shown by the verified account.

Appeal from the County Court of Grimes County. Tried below before Hon. T. P. Buffington.

*Geo. D. Neal,* for appellant.—In a suit on an itemized account for goods sold and delivered, duly verified in accordance with the statute, and a setoff or counterclaim is pleaded by defendant, the

burden of proof is on the party pleading the same, and the fact that the plea is sworn to, does not destroy the prima facie case as made by the plaintiff. Rev. Stats., 1895, art. 2323; Henderson v. Landa, 79 Texas, 39; May v. Behrends, 50 S. W., 413; 2 Greenl., Ev., sec. 516.

*Hood Boone,* for appellee.—When the defendant pleads under oath that an account sued on is unjust and untrue, the burden of proof is upon the plaintiff to establish its case by other evidence, the prima facie character of its sworn account having been lost. Rev. Stats., 1895, art. 2323; Olive & Stirnenberg v. Hester, 63 Texas, 193; Hensley v. Degener, 25 S. W., 1130; May v. Behrends, 50 S. W., 413.

JAMES, Associate Justice.—This is an action on a sworn account for goods sold and delivered to Jacobs, the account showing 4850 pounds of tobacco sold at various dates for $3,055.50 as the debit and various items of credits amounting to $2,798.96, leaving a balance of debit of $256.04.

The answer was a general denial and a sworn plea as follows: "That said itemized account aforesaid shows a balance of $256.04, when in truth and in fact the balance due and owing plaintiff by this defendant is only the sum of $13.54, which this defendant is ready and willing to pay. That plaintiff (defendant) admits that he bought the quantities of tobacco as set forth in said itemized account aforesaid at the price set out therein, to wit, 4850 pounds, but that this defendant was entitled to a discount and rebate of five cents per pound on said 4850 pounds tobacco. That said discount or rebate amounts in the aggregate to the sum of $242.50, which defendant alleges and says should have been credited to him on said itemized account aforesaid, for which reason defendant says that said account is not just and is untrue, and that there is only due plaintiff the sum of $13.54, which sum defendant is ready and willing to pay as before alleged."

The judge's findings of fact were that plaintiff's testimony consisted of the verified account. That defendant's evidence consisted of the sworn plea and from this the conclusion of law: "Defendant having plead under oath that the account was unjust and untrue, the burden of proof was upon plaintiff to establish its case by other evidence, the *prima facie* character of the sworn account having been lost." The judgment was that plaintiff should recover on defendant's answer the sum of $13.54.

This judgment, we conclude, is erroneous. If the sworn denial of the account had been in the general terms of the statute plaintiff unquestionably would have had to prove his account by independent testimony. But the sworn plea admitted that the goods were purchased by the defendant of plaintiff, and at the price which was stated in the account. The only respect in which the account was questioned was the omission therefrom of a certain credit that defendant claimed he was entitled to.

Now, the very plea which was relied on to destroy the account

as evidence, in doing so admitted and established its correctness as far as it went. This admission made a *prima facie* case for plaintiff, and we are of opinion that it devolved upon defendant to show by testimony the existence of the credit he set up. This he did not do. The items of the account not having been controverted, but admitted by the plea itself, which was introduced as evidence, was sufficient proof of them. (Shuford v. Chinski, 26 S. W., 141.)

The cause was tried by the court, and it becomes our duty, according to the law as we think it applicable to the evidence, to render such judgment as the trial judge should have rendered, which is that plaintiff have judgment for the balance claimed.

*Reversed and rendered.*