ALEXANDER BROS. v. WROE & GEPPERT et al.

(Court of Civil Appeals of Texas. Dallas. Feb. 28, 1914.)

ACCOUNT, ACTION ON (§ 12*)—STATUTES.

Rev. St. 1911, art. 3712, declaring that, when any action is founded upon an open account, supported by affidavit of the party, his agent or attorney, that the account is just and true, and that all just and lawful set-offs have been allowed, it shall be prima facie evidence thereof unless the party resisting shall file a written denial under oath, does not preclude a defendant, sued upon a verified account, from proving under appropriate pleadings that the account has in fact been paid, or from showing a merely conditional liability, and that the condition fixing liability did not arise; the statute merely making the account conclusive as to the justness of the amount due in case there is no verified denial.

[Ed. Note.—For other cases, see Account, Action on, Cent. Dig. § 37; Dec. Dig. § 12.*]

Appeal from Freestone County Court; R. L. Williford, Judge.

Action by Alexander Bros. against Wroe & Geppert and another. From a judgment for the first-named defendants, plaintiffs appeal. Affirmed.

D. T. Garth, of Teague, for appellants. O. M. Wroe, A. B. Geppert, and W. E. Terrell, all of Teague, for appellees.

RASBURY, J. Appellants sued appellees and one Nunn in the court below, alleging, in substance, that Nunn had employed appellees to sue the Trinity & Brazos Valley Railway Company for damages for personal injuries inflicted upon Nunn, appellees' fee to be a share in the amount recovered, and that appellees agreed with Nunn to advance him sufficient funds to live upon pending trial of the suit, and that in pursuance of said agreement appellees induced appellants, who are merchants, to extend credit to said Nunn for living necessaries, in the sum of

$200, payment of which appellees guaranteed, as well as the further sum of $36.75, then due and owing by Nunn to appellants. Appellants further alleged that at the request of appellees, and subsequent to furnishing Nunn said necessaries, appellants secured the note of said Nunn for the amount of said debt, together with an assignment from Nunn directed to appellees of a sufficient interest in the claim in suit to pay same, which was delivered to appellees, who agreed to withhold the amount of the note and interest from any money collected in said suit. It was alleged that sufficient money was collected to pay the debt. The petition in the first count declared upon the account, which was verified according to statute, and in the second count upon the promise to pay the note, and sought judgment accordingly. Appellees answered, tendering the general issue and specially averred that, if any of the promises alleged were made, they were promises to pay the debt of another, and without consideration, and, further, that · such promise, if made, was to answer for the debt, default, or miscarriage of another, was not in writing, and hence within the statute of frauds. The court, in submitting the case to the jury, instructed them, in substance, that if the merchandise sued for had been furnished Nunn by appellants in consideration of a promise by appellees to pay for the same, to find for appellants, even though the debt was thereafter incorporated into the note described in the second count in the petition. On behalf of appellees the court instructed the jury that if they believe appellees agreed to pay the debt only on condition that there was sufficient money arising from any judgment secured, left for such purpose after appellees had deducted their fee and certain other sums which they were liable for, and that the sum left after such deduction was in fact insufficient, to find for appellees. The court did not submit the special issues pleaded as defenses by appellees, being the claim that the promise to pay Nunn's debt was without consideration, and was also prescribed by the statute of frauds, since it was the promise to pay the debt of another, and was not in writing. Nor is any complaint made that the defense actually submitted by the court was not warranted by the pleading. The jury returned a verdict for appellants against Nunn, and for appellees against appellants. Under the testimony and the charge of the court the verdict includes the finding that appellees agreed to pay the debt due appellants by Nunn in case there was sufficient funds for that purpose, remaining in their hands after deducting their fee and certain other sums for which they were liable by prior agreement, and that the amount recovered by appellees for Nunn was insufficient to pay their fee and said other claims, and as a consequence there was nothing left for appellants. Such, we say, are the facts

to be deducted from the verdict returned under the issues submitted by the trial judge and supported by the evidence in the record.

There are but two assignments of error in appellants' brief, one asserting ·that the court erred in failing to direct a verdict for appellees on the ground that the sworn account sued on had not been denied under oath as provided by statute, and one on the ground that the evidence fails to support the verdict for the same reason; hence both assignments will be considered together.

As we have said, the suit by the first count in the petition was based upon an open account alleged to be due by appellees and Nunn to appellants, who are merchants, and was verified according to article 3712, R. S. 1911, and its verity was not in like manner denied under oath, as prescribed by the same article, and hence the account at trial stood as just, true, and due, with allowance of all offsets, payments, and credits to which it was entitled. While it does not appear from the court's charge that he instructed the jury concerning the legal force and effect of the sworn account in the absence of a denial under oath by appellants, yet no evidence was introduced tending to show that it was not in fact just, true, and due, etc., and in submitting the case to the jury the only defense urged by appellees which the jury was permitted to consider was whether appellees had agreed to pay the account on condition that they had sufficient funds remaining for such purpose after deducting their fees and certain other sums to be paid under prior agreements. For that reason, even though it could be said that the court should have told the jury of the legal force and effect of the verified account, we conclude the assignments show no reversible error. An account verified under said article 3712 does not preclude the right to deny liability therefor in the absence of the counter affidavit prescribed by the same article. The present act, which was enacted in 1883, in substitution of the act of 1872, while it goes further than to merely shift the burden of proof in suits upon verified accounts, does no more, in our opinion, in the absence of a counter affidavit than establish, without the right of contradiction by defendant at trial, that the items in the account were sold and delivered, that the prices are just, and the account as a whole is due and unpaid, and that all lawful offsets against the same, and all payments and credits made thereon as such, have been allowed, but does not preclude such party from proving under appropriate pleading that the account has, in fact, been paid, or from asserting a counterclaim or showing conditional liability, and that the condition fixing liability did not arise. Such defenses, and perhaps others, are entirely consistent with the purpose of the statute. Moore v. Powers, 16 Tex. Civ. App. 436, 41 S. W. 707. In the instant case it was shown, both by the pleading and proof of appel-

lants, that the items in the account were furnished to Nunn, and that appellees, by agreement, became unconditionally liable therefor, while by the proof of appellees, it was shown that they were to be liable conditionally. And while appellees did not deny the sale and delivery to Nunn of the items, nor the justness thereof, yet they did adduce testimony tending to show they were not liable for the reason that the condition which was to fix their liability never arose, and this theory of the case was adopted by the jury. To say that the statute under discussion contemplated the destruction of so material a defense is to ingraft upon the act something entirely foreign to its obvious purpose, and to repeal by inference other specific laws and settled rules of decision expressly recognizing defenses and rights which would be included within the construction sought to be placed upon the act, and which we are sure was never intended.

The judgment of the court below is affirmed.