SYPERT v. ROGERS LUMBER CO.
(No. 323.)

(Court of Civil Appeals of Texas. Beaumont. March 8, 1918.)

1. PROCESS ⬥33 — CITATION—STATEMENT OF DATE OF FILING PETITION.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1852, requiring citation to state the date of filing of plaintiff's petition, a citation stating the petition was filed on a certain day and month, "A. D. 191," is insufficient to sustain judgment by default against defendant not appearing in response thereto; the statute being mandatory.

2. APPEAL AND ERROR ⬥407(1)—WRIT OF ERROR—DEFECT IN CITATION—EFFECT.

A defect in the sheriff's return of citation in error served upon defendant in error, if but an amendable irregularity, does not deprive the appellate court of jurisdiction to determine the cause.

Error from District Court, Milam County; J. C. Scott, Judge.

Suit by the Rogers Lumber Company against J. B. Sypert. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Chambers & Wallace, of Cameron, for plaintiff in error. Lewis H. Jones, of Belton, for defendant in error.

HIGHTOWER, C. J. The defendant in error, Rogers Lumber Company, was the plaintiff below, and filed this suit in the district court of Milam county on the 29th day of September, 1916, against J. B. Sypert, the plaintiff in error. Citation was immediately issued to the defendant, and was served on him on the 4th day of October next thereafter. On October 17th following the defendant, Sypert, having failed to answer, judgment was rendered by default in favor of the plaintiff for the sum of $929.62, with 10 per cent. interest thereon from that date. From this judgment the defendant, Sypert, within the statutory time, sued out a writ of error, and carried the case to the Court of Civil Ap-

peals for the Third Supreme Judicial District. After the record had remained in that court for some time, the case was, by order of the Supreme Court, transferred to this court for disposition.

[1] We find in plaintiff in error's brief but one assignment of error, which is also submitted as a proposition, and is as follows:

"The court erred in rendering judgment by default against this defendant, because the citation served upon him was not sufficient in law to require him to appear and answer in this cause, because the said citation shows that this suit was filed in the district court of Milam county, Tex., on the 29th day of September, A. D. one hundred ninety-one (191) and because the file mark on the petition shows that it was filed on the 29th day of September, A. D. 1916, and because the said citation was insufficient in law and this defendant was not required by law to appear and answer at the October term, 1916, of said court, at which said term judgment was rendered."

It does appear from the file mark on the original petition that it was filed in the trial court on September 29, 1916, but in the citation served upon the defendant, Sypert, it is stated that the plaintiff's petition was filed in the trial court on the 29th day of September, "A. D. 191."

The requisites of a citation are prescribed by article 1852, Vernon's Civil Statutes, as follows:

"Such citation shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside or be, and shall command him to summon the defendant to appear and answer the plaintiff's petition at the next regular term of the court, stating the time and place of holding the same. It shall state the date of the filing of the plaintiff's petition, the file number of the suit, the names of all the parties and the nature of the plaintiff's demand, and shall contain the requisites prescribed in article 2180."

Tested by the above article of the statute, it must be held that the citation in this case was fatally defective, for the reason that it failed to state the true date of the filing of plaintiff's petition. The appellate courts of this state, by an unbroken line of decisions, have held that the provision of the above-quoted statute with reference to the statement in the citation of the true date of the filing of plaintiff's petition is mandatory, and that a judgment by default, in the absence of such statement in the citation, is void. There is nothing to be gained by a further discussion of this matter, and we are constrained to sustain the above assignment and reverse this judgment. Durham v. Betterton, 79 Tex. 223, 14 S. W. 1060; Pruitt v. State, 92 Tex. 434, 49 S. W. 366; Simms v. Miears, 190 S. W. 544.

[2] Several months subsequent to the date of the filing of the transcript in this case in the Third Court of Civil Appeals, defendant in error filed a motion in that court praying that the cause be dismissed from the docket of the court, basing the motion on the ground that the return made by the sheriff on the citation in error served upon the defendant in error was defective, and defendant in error claimed that by reason of that fact the Court of Civil Appeals acquired no jurisdiction to revise the judgment.

We think this contention is incorrect, and that the defect in the sheriff's return, if it was such, was nothing more than a defective return, and that at most it was but an irregularity, and the return itself could have been amended, if necessary, and that such irregularity was not of such nature as to deprive the appellate court of jurisdiction to determine the cause; and since the motion to dismiss for the reason stated was not filed within 30 days after the transcript was filed in the Court of Civil Appeals, the motion came too late under rule 8 (142 S. W. xi) governing proceedings in the Courts of Civil Appeals, and therefore the motion could not be sustained.

From what we have said, it follows that the judgment of the trial court must be reversed, and the cause remanded; and it is so ordered.