BRIDGES et al. v. HOLLIFIELD.
(No. 409.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 18, 1919. Rehearing Denied Feb. 12, 1919.)

JUDGMENT ⬗17(5)—PROCESS TO SUPPORT—NAMING DEFENDANTS—DEFAULT.

Under Rev. St. 1911, art. 1852, providing names of all parties shall be stated in citation, service of citation, in action against residents of the county and residents of another county, had upon the latter, was insufficient to warrant judgment by default against them, where citation named none of defendants except one of resident guarantors.

Error from District Court, San Augustine County; Garland Smith, Special Judge.

Action by W. S. Hollifield against W. A. Bridges and others. To review judgment for plaintiff, defendants bring error. Reversed and remanded.

Minton & Lewis, of Hemphill, for plaintiffs in error.

Wm. McDonald, of San Augustine, and D. M. Short & Sons, of Center, for defendant in error.

HIGHTOWER, C. J. This cause comes here on writ of error from the district court of San Augustine county. The defendant in error, W. S. Hollifield, was plaintiff below, and W. A. Bridges, W. K. Knight, R. G. McGown, J. C. Webb, T. E. Alford, and A. L. McGown, who are the plaintiffs in error, were defendants below. The cause of action asserted by the plaintiff below, briefly stated, was as follows:

It was alleged that the plaintiff, Hollifield, had sold and delivered to one N. A. Griffin a number of head of stock, consisting of horses and mules, for an agreed consideration of $1,275 in the aggregate, which consideration was not paid in cash, but which was agreed to be paid by Griffin within 60 days after such sale to him. It was further alleged by the plaintiff that the defendants above named, by their written contract of guaranty, bound themselves to pay plaintiff the said sum of $1,275 in the event the said Griffin should fail to pay the same when due. It was further alleged by the plaintiff that Grif-

fin had wholly failed to pay any part of the purchase price of said stock, and that he was, at the time of the filing of the suit, beyond the jurisdiction of the court, and was hopelessly and notoriously insolvent, and judgment was prayed against the above-named defendants, as guarantors, for the full amount of the purchase price of said stock.

It appears that Bridges, Knight, and Childers were residents of San Augustine county, and each of them, after the suit was filed, executed and filed a waiver of the issuance of any citation as to them, and accepted service as defendants in the suit; but defendants Webb, Alford, R. G. McGown, and A. L. McGown, who, it appears, were residents of Sabine county, did not appear or answer in the suit, and, when the case was called for trial, judgment by default was rendered in favor of the appellee, Hollifield, against all of said defendants jointly.

There is but one assignment of error found in the brief of the plaintiffs in error, and by this assignment the judgment of the trial court is assailed on the ground that the service of citation had upon the Sabine county defendants was wholly insufficient to warrant a judgment by default against them, for the reason that the citation served upon them did not name all the defendants in the suit. Upon consideration of this assignment and inspection of the record as brought here, we have concluded that the contention by plaintiffs in error on this point must be sustained. The purported citation to the Sabine county defendants names none of the defendants in the suit except W. A. Bridges. By article 1852, Revised Statutes, it is provided, among other things, that the names of all the parties to a suit shall be stated in the citation. This statute has been many times construed by the appellate courts of this state, and it has been uniformly held that the requirements of the statute with reference to what shall be stated in the citation are mandatory, and that, where either of the requirements of the statute is shown to be lacking in the citation, a default judgment cannot be sustained. Revised Statutes 1911, art. 1852; Burleson v. Henderson, 4 Tex. 49; Battle et al. v. Eddy, 31 Tex. 368; Delaware Western Construction Co. v. Farmers' & Merchants' National Bank, 33 Tex. Civ. App. 658, 77 S. W. 628; Portwood v. Wilburn, 33 Tex. 713; Norvell v. Garthwaite, 25 Tex. 584; McCaulley v. Western National Bank, 173 S. W. 1000.

It would serve no useful purpose for this court to discuss the question here raised more at length, for we consider that the contention made by plaintiffs in error is fully supported by the above-cited authorities, and this court has no other alternative than to reverse this judgment and remand the cause for a new trial, and it is accordingly so ordered.

Reversed and remanded.