## SELZ, SCHWAB & CO. v. SHIPMAN.
### (No. 1199.)

(Court of Civil Appeals of Texas. El Paso. March 17, 1921. Rehearing Denied April 28, 1921.)

1. **Payment ⚖️73(4)—Evidence held sufficient to sustain finding check sent.**

In suit on account for balance for merchandise sold, evidence *held* to sustain the jury's finding that defendant sent a check for an amount claimed to have been paid by him.

2. **Appeal and error ⚖️1001(1)—Finding of jury supported by evidence must be sustained.**

In a suit on a verified open account to recover a balance alleged to be due on merchandise sold and delivered to defendant, defendant pleading payment, the issue of alteration of a check given by defendant in payment having been resolved against plaintiff by the jury, and there being evidence to support the finding, it must be sustained.

3. **Payment ⚖️63(1)—Evidence properly received in support of plea, though no counter affidavit filed.**

In suit on verified open account to recover a balance alleged to be due for merchandise sold and delivered to defendant, where defendant properly pleaded payment, the trial court did not err in receiving evidence in support of such plea, though there was no counter affidavit that the account was not just or true as provided by Rev. St. art. 3712.

#### On Motion for Rehearing.

4. **Appeal and error ⚖️1003—Court of Civil Appeals may set aside verdict clearly against weight of evidence.**

The authority of the Court of Civil Appeals to set aside the findings of a jury is very limited, and, if there is evidence to support the findings, they must be sustained, but the court can reverse where the verdict is so against the preponderance and weight of the evidence as to be clearly wrong.

Appeal from Haskell County Court; Jas. P. Kinnard, Judge.

Action by Selz, Schwab & Co. against J. H. Shipman, wherein defendant filed crossaction. From judgment that plaintiff take nothing, and in defendant's favor on his cross-action, plaintiff appeals. Affirmed.

Kirby, King & Keeble, of Abilene, and McConnell & Grissom, of Haskell, for appellant.

Murchison & Davis, of Haskell, for appellee.

HIGGINS, J. Appellant sued upon a verified open account to recover a balance of $697.94, with interest, alleged to be due by appellee for merchandise sold and delivered to him.

Appellee admitted the correctness of the account, but pleaded payment. Various payments were admitted by appellant. The only dispute between the parties relates to an alleged payment of $624.46 claimed by Shipman to have been made in December, 1916, and one of $400 claimed to have been made about October 27, 1917.

As to the item of $624.46 appellant claims that no such payment was made. As to the $400 item it is admitted that a payment upon that date was made, but appellant claims it was $100, and not $400.

In response to special issues the jury found that appellee paid the said sum of $624.46 on or about December 15, 1916, and said sum of $400 evidenced by check dated October 27, 1917. These findings, if correct, show that appellee had overpaid the account by $339.25.

By cross-action appellee had sought recovery over, and upon the jury's findings judgment was rendered that appellant take nothing and in appellee's favor upon the cross-action.

Appellant challenges the sufficiency of the evidence to support the findings of the jury.

The authority of this court to set aside the findings of a jury is very limited. If there be evidence to support the same, it must be sustained. The rules of law upon this subject are well settled and citation of authority is unnecessary.

[1] As to the item of $624.46, claimed to have been paid in December, 1916, it is asserted that the only evidence of such payment is the testimony of appellee that he sent a check for that amount about the 15th or 20th of December, 1916, and that this, as a matter of law, is insufficient in the absence of further evidence that the check was received by the appellant and paid. This may be conceded, but the statement of facts discloses that the appellee upon the trial offered in evidence three statements sent to him by the appellant from its Chicago office, one dated December 17, 1917, another dated December 27, 1917, and another dated February 5, 1918. Each of these statements show the amount due by the appellee to the appellant to be $5.15. This statement was corroborative of the appellee's testimony concerning the disputed item of $624.46.

This was the second trial of the case, and it was incumbent upon the appellant to in some way explain these statements. No explanation whatever is offered, and, if they were correct, then the payment claimed by the appellee must have been received.

[2] As to the $400 item, this is evidenced by a check. There is ample evidence in the record to show that the check as received was for $100 only. Appellee testified that it was originally drawn for $400 and had been charged against his account by the bank upon which it was drawn. The original check was submitted to the jury for its

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

inspection and has been brought up with the record in this case. The jury found against the alteration theory, and this court is unable to say that such finding is unsupported by the evidence. Both issues having been resolved against the appellant by the jury, and there being evidence to support the findings, they must be sustained.

[3] There is no merit in the first assignment, under which it was insisted that evidence of payment was inadmissible in the absence of a counter affidavit setting up that the account was not just or true as provided by article 3712, Revised Statutes. Payment having been properly pleaded, the court did not err in receiving evidence in support thereof. The statute in question has no application to such a defense. Moore v. Power, 16 Tex. Civ. App. 436, 41 S. W. 707.

Finding no error, the judgment is affirmed.

### On Motion for Rehearing.

HARPER, C. J. [4] The statement in the original opinion:

"The authority of this court to set aside the findings of the jury is limited. If there be evidence to support the same, it must be sustained. The rules of law upon this subject are well settled, and citation of authority is unnecessary"

—is, we concede, not a full statement of the rule by which we are to be governed in passing upon an assignment of error which raises the question of the sufficiency of the evidence to support the findings of a jury, but in passing upon the sufficiency of the evidence in this case we were not unmindful of the full extent of our authority to reverse a case where we conclude that the verdict is "so against the preponderance and weight of the evidence as to be clearly wrong." In McGuffey v. Oil Co., 211 S. W. 335, Ins. Co. v. Fulghum, 177 S. W. 1008, and several other cases by this court it has reversed and remanded cases under that rule. And each member of this court took the statement of facts in this case and carefully considered the evidence pro and con, and each reached the conclusion, before the opinion was written, that when tested by the rule:

"If rejecting all adverse evidence and giving credit to all evidence favorable to appellant and consider only the facts and circumstances which tend to sustain the verdict, and if the jury in all honest and impartial effort to arrive at the truth might have reached the conclusion embodied in the verdict, an appellate court should not set it aside." Cartwright v. Canode, 106 Tex. 507, 171 S. W. 696; Choate v. San Antonio & A. P. Ry. Co., 90 Tex. 88, 36 S. W. 247, 37 S. W. 319; Pendell v. Apodaca, 221 S. W. 682; Nations v. Miller, 212 S. W. 742.

To this extent the opinion is amended.

We have again reviewed the evidence, and all are of the view that there is no sufficient reason to further change the original opinion. The evidence which we think supports the verdict was not quoted in full in that instance. We are not required to so do, nor do we think it would serve any purpose to do so now.

The motion is overruled.