**QUEEN CITY MOTOR CO. et al. v. TEXAS AUTO SUPPLY CO.   (No. 730.)**

(Court of Civil Appeals of Texas. Beaumont. Nov. 21, 1921. Rehearing Granted Jan. 25, 1922. On the Merits, May 2, 1922.)

1. **Appeal and error ☞383—Condition of bond as to payment of judgment, etc., held not in accord with statute.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 2101, requires that the bond of appellant or plaintiff in error shall provide that, "in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence, or decree, and pay all such damages as said court may award against him," and a provision of bond that plaintiffs in error shall "pay all such damages as said court may award them" does not comply with the statute.

2. **Appeal and error ☞405—An alias or pluries citation failing to indicate how many previous citations have been issued is insufficient.**

The provision of Vernon's Sayles' Ann. Civ. St. 1914, art. 2094, that an alias or pluries citation shall indicate how many previous citations have been issued, is mandatory, in view of articles 1852, 2088, 2101, and 2091, and a citation failing to so recite is insufficient.

3. **Appeal and error ☞22, 813—Late motion to strike from docket considered where defects urged were jurisdictional.**

Although defendant in error's motion to strike cause from docket because of defective bond was not filed and entered on the motion docket within 30 days after the filing of the transcript in this court, as required by Court of Civil Appeals rules 8 and 9 (142 S. W. xi), the matters urged, being jurisdictional, cannot be waived, and the motion may be sustained, but without prejudice to the right of plaintiffs to amend their writ of error by filing a new writ, conditioned on a bond in a sum fixed and to perfect service in accordance with law.

### On the Merits.

4. **Account, action on ☞12—Plaintiff's verification of account does not preclude defendant's denial of liability, in the absence of counterclaim or from proving payment.**

Under Rev. St. art. 3712, plaintiff's account, being properly itemized and verified, was prima facie proof of its correctness; but such verification does not preclude defendant from denying liability in the absence of a counterclaim, nor from proving under appropriate pleadings that the account has been paid in whole or in part, or from asserting a counterclaim against it.

5. **Account, action on ☞12—Statute requiring affidavit by defendant held only a limitation on defendant's right to attack correctness of account and not to preclude proof of payment.**

Rev. St. art. 3712, relating to actions on account, providing that, when the party resisting the claim "fails to file such affidavit, he shall not be permitted to deny the account, or any item therein, as the case may be," is a limitation only on defendant's right to attack the correctness of the account, and does not affect his right under appropriate pleadings to prove that the account has been paid in whole or in part, or to urge a counterclaim.

Error from Jefferson County Court; D. P. Wheat, Judge.

Action by the Texas Auto Supply Company against the Queen City Motor Company and others. Judgment for the plaintiff, and the defendants bring error. Motion to strike case from docket sustained, but without prejudice to right of plaintiffs in error to amend writ, and later the matter was heard on the merits. Judgment reversed, and cause remanded.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

C. A. Lord, of Beaumont, for plaintiffs in error.

Smith & Crawford, of Beaumont, for defendant in error.

### On Motion to Strike Case from Docket.

O'QUINN, J. This case was once before stricken from the docket of this court, viz. on March 23, 1921, for defect in service of citation in error. 229 S. W. 591. Defendant in error has filed a motion to again strike the cause from the docket, for the reasons: (1) Because the writ of error bond is not conditioned as required by law, in that plaintiffs in error do not obligate themselves "to pay all such damages as such court may award against them"; and (2) because the citation in error contained in the record does not indicate how many previous citations have been issued, but that said citation appeared on its face to be the first, alleging that at least two citations in error had been issued previous to the instant one, and that by reason of said defect in said citation, this court did not have jurisdiction to determine this cause.

[1] As to the first objection, that is, that the writ of error bond is not conditioned as required by law: Article 2101, Vernon's Sayles' Civil Statutes, is as follows:

"Should the appellant or plaintiff in error, as the case may be, desire to suspend the execution of the judgment, he may do so by giving. instead of the bond or affidavit in lieu thereof mentioned in the four preceding articles, or in addition to such bond, a bond with two or more good and sufficient sureties, to be approved by the clerk, payable to appellee or defendant in error, in a sum at least double the amount of the judgment, interest and costs, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect; and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence or decree, and pay all such damages as said court may award against him."

The bond recites:

"Conditioned that the said Queen City Motor Company, Leslie Jarrett, and Rupert Cox, plaintiffs in error, shall prosecute their said writ of error with effect, and, in case judgment of the Supreme Court or the Court of Civil Appeals shall be against them, that they shall perform its judgment, sentence, or decree, and pay all such damages as said court may award them."

It will be noticed that the word "against" is omitted before the last word, "them." Whether this is an error of the clerk in copying the bond into the record, we cannot say; but it is apparent that, as written in the record, it is not in compliance with the statute. Carter v. Forbes Lith. Mfg. Co., 22 Tex. Civ. App. 373, 54 S. W. 926.

[2] As to the second objection, to wit, that the citation in error is defective: The record shows that on May 1, 1920, plaintiffs in error filed their supplemental petition in error, alleging that on the 26th day of April, 1921, citation in error herein was issued to Harris county for service on defendant in error, but that the sheriff of said county had returned same not executed, for the reason that defendant in error was not in Harris county, but was in business in Fort Worth, Tarrant county, Tex., and praying for citation in error to defendant in error at said place. This court judicially knows that on March 23, 1920, this cause was, upon the court's own motion, stricken from the. docket of this court because of a defective return made upon a citation in error served on defendant in error in said Tarrant county, Tex., as disclosed by the record in this cause then before this court. So that it appears to the court that at least two citations in error have been issued herein previous to the one in the present record.

Article 2094, Vernon's Sayles' Civil Statutes, is as follows:

"If the citation is returned not executed, the clerk shall forthwith issue an alias or pluries citation, as the case may be, which shall conform to the requisites prescribed for the issuance of citation in the first instance, and shall, in addition, indicate how many previous citations have been issued."

Article 1852, relating to citations in the district and county courts, has many times been held mandatory. Pruitt v. State, 92 Tex. 434, 49 S. W. 366; Crenshaw v. Hempel (Tex. Civ. App.) 130 S. W. 737; Simms v. Miears (Tex. Civ. App.) 190 S. W. 544; Smith v. Buckholts State Bank (Tex. Civ. App.) 193 S. W. 730; Sypert v. Rogers Lumber Co. (Tex. Civ. App.) 201 S. W. 1102; Bridges v. Hollifield (Tex. Civ. App.) 208 S. W. 756.

Article 2088, requiring petition for writ of error to state the names and residences of the parties adversely interested, has been held mandatory, and the writ of error dismissed, where one out of many parties was inadvertently omitted. Weems & Waldo v. Watson, 91 Tex. 39, 40 S. W. 722. We think that the provision of article 2094, that an alias or pluries citation shall indicate how many previous citations have been issued, is of equal importance and as commanding in language as those of the other articles above referred to, and by express language it is made of equal importance to the provisions of article 2091, which prescribes the form and requisites of citations in error. The Legislature must have had some reason, after requiring that an alias or pluries citation in error shall conform to the requisites prescribed for the issuance of citation in the first instance, for adding the expression or provision, "and shall, in addition, indicate how many previous citations have been is-

sued." Just why the Legislature added to the requirements for the issuance of a citation in the first instance the additional requirement that an alias or pluries citation should show the number of citations that had been previously issued is not the question, nor can said additional requirement be dispensed with on the ground that it is highly technical. It having been deliberately written into the law, the court is not permitted to ignore or annul it by judicial construction. We are of the opinion that the citation should be held insufficient in law for not stating the correct number of citations previously issued. Article 2094, Vernon's Sayles' Civil Statutes; Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 544; American Insurance Co. v. Rodriquez (Tex. Civ. App.) 147 S. W. 678; Rounds v. Coleman (Tex. Civ. App.) 185 S. W. 640; Rhoades v. El Paso & S. W. Ry. Co. (Tex. Civ. App.) 230 S. W. 484.

[3] Defendant in error's motion was not filed and entered on the motion docket within 30 days after the filing of the transcript in this court, as required by rules 8 and 9, of the Court of Civil Appeals (142 S. W. xi); but the matters urged, being jurisdictional, cannot be waived, and therefore the motion to strike the case from the docket is sustained, but without prejudice to the right of plaintiffs in error to amend their writ of error bond by filing herein, within 30 days, a new writ of error bond in the sum of $1,500, conditioned as required by law, and to perfect service in accordance with law, if they should hereafter desire to do so; and it is so ordered.

### On the Merits.

For convenience, we shall refer to defendant in error as plaintiff, and plaintiffs in error as defendants; that being their attitude in the court below.

Plaintiff sued defendants in the county court at law of Jefferson county, Tex., upon an open account for merchandise properly itemized and verified under article 3712, R. S. Defendants, in their answer, admitted the dealings with plaintiff, as alleged by plaintiff, but alleged that defendant Queen City Motor Company acted as the agent of the plaintiff in handling and selling certain goods, wares, and merchandise, to wit, automobile casings and inner tubes, and that in the course of their dealings said defendant was entitled to commissions, express charges, etc., in the sum of $307.06, which should have been credited upon said account, and that said defendant returned to plaintiff merchandise amounting to the sum of $81.86, which should also have been credited upon said account, making a total credit of $388.90 against said account, and admitted owing plaintiff the sum of $74.56, which said sum defendant tendered plaintiff in settlement, which was refused.

Plaintiff excepted to the sufficiency of defendants' answer, because same was not verified under article 3712, supra. The court sustained the exception, and defendants declining to amend, were held to be without pleadings, and judgment was rendered for plaintiff. The case is before us on the single assignment of error that the court erred in sustaining plaintiff's special exception to defendant's answer.

[4] Article 3712, R. S., under which this suit was brought, provides:

"When any action or defense is founded upon an open account, supported by the affidavit of the party, his agent or attorney, taken before some officer authorized to administer oaths, to the effect that such account is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that such account is not just or true, in whole or in part, and if in part only, stating the items and particulars which are unjust; provided, that, when such counter affidavit shall be filed on the day of the trial, the party claiming under such verified account shall have the right to continue such cause until the next term of court; when he fails to file such affidavit, he shall not be permitted to deny the account, or any item therein as the case may be."

Plaintiff's account, being properly itemized and verified, was prima facie proof of its correctness. The answer of defendants admitted that the goods were purchased by them from plaintiff and at the prices stated in the account. The only respect in which the account was questioned was the omission therefrom of certain credits to which defendants claimed they were entitled. An account verified as required by article 3712, supra, while prima facie proof of its correctness, does not preclude the right of a defendant to deny liability therefor, in the absence of a counter affidavit. It does not preclude such defendant from proving, under appropriate pleadings, that the account has been paid in whole or in part, or from asserting a counter claim against same. Railway Co. v. McTiegue, 1 White & W. Civ. Cas. Ct. App. § 461; Bach Meiss & Co. v. Ginacchio, 1 White & W. Civ. Cas. Ct. App. § 1316; Moore v. Powers, 16 Tex. Civ. App. 436, 41 S. W. 707; Blackwell Durham Tobacco Co. v. Jacobs, 57 Tex. Civ. App. 295, 122 S. W. 66; Alexander Bros. v. Wroe & Geppert (Tex. Civ. App.) 164 S. W. 1055; Selz, Schwab & Co. v. Shipman (Tex. Civ. App.) 230 S. W. 842.

[5] It is believed that the final clause in article 3712, to wit, " * * * When he fails to file such affidavit, he shall not be permitted to deny the account, or any item therein, as the case may be," is a limitation only upon defendant's right to attack the

correctness of the account, and does not affect his right, under appropriate pleadings, to prove that the account has been paid in whole or in part, or to urge a counterclaim against same. See authorities supra.

Because the court erred in sustaining plaintiff's exception to defendants' answer, the judgment is reversed, and the cause remanded.