## McCONNON & CO. v. KLENK et al.
### (No. 734.)

Court of Civil Appeals of Texas. Waco.
Dec. 7, 1928.

Wynne & Wynne and Nestor Morrow, all of Kaufman, for appellant.

G. O. Crisp and Ross Huffmaster, both of Kaufman, for appellees.

STANFORD, J. Appellant, a corporation, filed this suit against appellees, W. G. Klenk and others, upon a verified account for goods sold to appellee Klenk, and upon a guaranty agreement executed by the other appellees whereby they guaranteed the payment of said account, the balance due on same being $236.-71. The defendants, appellees herein, answered, alleging appellant's account grew out of, and was incident to, a contract for the purchase and sale of certain goods, and that said contract between appellant and appellee Klenk fixed the prices at which said goods could be resold by appellee Klenk, and the territory in which said goods could be resold by appellee Klenk, and the territory in which said goods should be sold, by reason of which said contract was violative of the anti-trust laws of Texas, and therefore void, etc. The case was tried before the court without a jury, and judgment rendered for appellees, defendants in the trial court. Appellant has duly appealed.

Under the first and second proposi-

tions, appellant contends, in effect, that as its suit was based upon an itemized account, duly verified, as provided by article 3736, Revised Statutes, and appellees had not denied said account under oath, as provided in said statute, it was entitled to judgment for the the amount claimed. The provisions of the above statute merely create a rule of evidence to be applied solely to proving open accounts under certain conditions. The account being itemized and duly verified, and there being no written denial under oath, stating that such account was not just or true, in whole or in part, and if in part only, stating the items and particulars which are unjust, appellee would not have been permitted to prove that said account was not correct, that is, to deny that he received the articles specified in the account or that the price of said articles was erroneously stated, etc. But an account verified as required by article 3736, supra, while prima facie proof of its correctness, does not preclude the right of a defendant to prove, under appropriate pleadings, that the account has been paid, or from asserting a counterclaim against same, or that such account arose out of, and is based upon, a void or illegal contract, or any other defense going to the foundation of plaintiff's right to recover any part of such account. In this case without denying under oath said account, appellees had the right, having properly pleaded same, to prove that the account sued upon grew out of, and was based upon, a contract violative of the anti-trust laws of this state, and therefore void, and thereby defeat a recovery on said account. Queen City Motor Co. et al. v. Texas Auto Supply Co. (Tex. Civ. App.) 241 S. W. 213; Selz, Schwab & Co. v. Shipman (Tex. Civ. App.) 230 S. W. 842; Miller v. L. Wolff Mfg. Co. (Tex. Civ. App.) 225 S. W. 212; American Druggists' Syndicate v. Holt Drug Co. (Tex. Civ. App.) 272 S. W. 508; Macaw v. Pecos Valley, etc., Co. (Tex. Civ. App.) 248 S. W. 808; Alexander Bros. v. Wroe & Geppert (Tex. Civ. App.) 164 S. W. 1055.

■ Under appellant's propositions 3 to 7, inclusive, it contends, in effect, there was no pleading or evidence that the contract between appellant and appellee Klenk, under which the goods were sold to him, was repugnant to our anti-trust laws. Appellees, for answer, alleged in substance, that plaintiff ought not to be permitted to maintain the alleged cause of action against them, because the matters alleged grew out of and were incidental to and a part of an illegal contract, and that by said contract of purchase and sale of said medicines and other merchandise, same were sold by plaintiff to defendant. Klenk and the payment therefor agreed to be guaranteed by defendants to plaintiff, and that said contract of sale to Klenk was in violation of the laws of this state, in that in said contract appellee Klenk

was obligated to resell said goods for a price fixed by appellant, and in no other place than a designated portion of Kaufman county, and not to sell same within the city of Terrell, a city of 10,000 population, and not to sell said goods to any person at any place except at said person's residence, and that such person must reside in that portion of Kaufman county in which the said Klenk was authorized to make sales, etc. We think appellees' pleading was entirely sufficient.

C. C. Craven, a witness for appellant, testified in part as follows:

"I have been an employee of McConnon & Company for several years, and acted for them in securing the defendant, W. G. Klenk, for a customer for McConnon & Company * * * I am their state solicitor in the state of Texas and was such at the date Mr. Klenk began handling their products. McConnon & Company are manufacturers of patent medicines, extracts, spices, etc. Part of my duties as state solicitor * * * was to secure customers for them * * * Mr. Klenk came to see me. He wanted to handle the products of McConnon & Company in Kaufman and Van Zandt counties. I explained to him that a Mr. Smith was handling McConnon & Company products in that portion of Kaufman county west of the Texas Midland Railroad, and that they had men handling their goods in Van Zandt. He stated to me that Mr. Henry Smith, who was also employed by McConnon & Company, was to secure a customer in that portion of Kaufman County east of the Texas Midland Railroad. I told him to come out and talk to me. He had already sent in his application to McConnon & Company. I gave him a bond furnished me by McConnon & Company. I filled it out for him and he signed it. He secured the signatures of W. R. Evan, W. G. Weiting and W. R. Crane, the sureties, and he returned it to me and I approved it and returned it to McConnon & Company, and I also made out an order blank for Mr. Klenk and sent it along with the bond. * * * It was understood by Mr. Smith, Mr. Klenk and myself that Mr. Klenk was to have the territory in Kaufman county lying east of the Texas Midland Railroad and Mr. Smith was to keep the territory west of the Texas Midland Railroad in Kaufman county. * * * McConnon & Company would not put two men in the same territory."

Appellee W. G. Klenk testified:

"At the time I signed the bond sued on in this case I was at Mr. Craven's. I had written McConnon & Company a letter and had told them I wanted to handle their goods in Kaufman and Van Zandt Counties, and they wrote me a letter, telling me to go and see Mr. Henry Smith, that they had employed him to secure a customer for them in a part of Kaufman county, and I went to see Mr. Smith and he told me that it was a fact they had instructed him to secure a customer for them in the eastern portion of Kaufman County, and that Mr. Craven was down at his father's house and for me to go and see Mr. Craven and he had all the necessary blanks, and this is the way I went to see Mr. Craven and made a contract with him to handle McConnon & Company's

goods. It was agreed between Mr. Smith, myself and Mr. Craven, that I was to sell goods that I bought from McConnon & Company, at the retail price they furnished me, and I kept my agreement as I contracted, and I was honor bound to keep my contract to sell their goods in the territory and for the prices they fixed and to sell them to no persons but farmers. They wrote me a letter and said their goods were made especially to sell to farmers and not to sell to anyone else. * * * The price I was to sell each article for was printed on the paper of each article. The Midland railroad divides Kaufman county almost half in two * * * and there are no towns in east of the said railroad, and there is not a half dozen houses in the town of Kaufman on the east side of the Texas Midland railroad, and very few houses to the east side of said railroad in Terrell, but I was prohibited under the terms of my agreement * * * to sell to any one but farmers, and at the price fixed by the company, and they especially cautioned me in their letters not to sell outside of my territory, and to sell for the prices sent me. Mr. Henry Smith received five dollars cash and fifty dollars commission on the first thousand dollars worth of goods I purchased from McConnon & Company."

The president of appellant company in his evidence admitted that said company sent appellee Klenk a list of the retail prices for which he "advised" appellee said goods should be sold. Also, that he "advised" appellee to confine his sales to farmers in one territory, etc. The record discloses that appellant sent appellee Klenk a great deal of literature, such as circulars, letters of instructions as to the place, price, manner, etc., of the resale of said goods. Appellant required appellee to make to it weekly reports of sales, prices at which sold, etc.

We have not attempted to set out all the evidence bearing upon the question here involved. Even if the written contract was lawful on its face, but through letters and circulars or parol agreements, the effect or provisions of the original instrument were so extended or enlarged as to make its purposes unlawful, and the appellee Klenk acquiesced in, or was coerced into, an acceptance of the changes and both parties acted upon the contract as so modified, same must be treated as violative of our anti-trust laws. In testing the validity of contracts of this sort with reference to the application thereto of anti-trust statutes, we must not only look to the contract itself, but as well to what was actually done under the contract. The record is clear that appellant did through its agents, Smith and Craven, ingraft upon the written contract restrictions requiring appellee Klenk to sell only in a restricted territory at prices fixed by appellant, etc., and that appellee Klenk complied with said requirements. The record also is sufficient to show that Henry Smith and C. C. Craven had authority from appellant to impose said restrictions. Newby

v. W. T. Rawleigh Medicine Co. (Tex. Civ. App.) 194 S. W. 1173; State v. Willys-Overland Co. (Tex. Civ. App.) 211 S. W. 609; Caddell v. J. R. Watkins Med. Co. (Tex. Civ. App.) 227 S. W. 226; Whisenant v. Shores-Mueller Co. (Tex. Civ. App.) 194 S. W. 1175; Armstrong v. W. T. Rawleigh Med. Co. (Tex. Civ. App.) 178 S. W. 582. We think the judgment of the trial court is amply supported by the evidence.

We have considered all of appellant's assignments, and, finding no reversible error, overrule same. The judgment of the trial court is affirmed.