## KRUGER JEWELRY CO. v. FENTRESS & MARSH. (No. 828.)

Court of Civil Appeals of Texas. Waco.
June 27, 1929.

Fischer & Fischer, of Wichita Falls, for plaintiff in error.

F. M. Fitzpatrick, of Waco, for defendants in error.

STANFORD, J. This suit was filed by E. S. Fentress and Charles E. Marsh, trading under the firm name of Fentress & Marsh, against Sam Kruger, trading under the name of the Kruger Jewelry Company, upon two promissory notes in the principal sum of $350 each, executed by plaintiff in error and payable to defendants in error. After service was had, and no answer filed by plaintiff in error, on January 8, 1929, judgment was rendered by default in favor of defendants in error against plaintiff in error for the balance due on said two notes and interest and attorney's fees aggregating $557.15. On February 25, 1929, plaintiff in error perfected his appeal by writ of error, by filing and having approved his supersedeas bond, his petition therefor, and assignments of error, and the record is now before this court for review.

However, we will first consider the motion by defendants in error to dismiss the appeal by writ of error, the second ground therefor being, in effect, that this court has never acquired jurisdiction by reason of a fatal defect in said supersedeas bond, in that the same is not conditioned as required by law. Our statutes provide: "An appellant or plaintiff in error desiring to suspend the execution of the judgment, may do so by giving a good and sufficient bond to be approved by the clerk, payable to appellee or defendant in error, in a sum at least double the amount of the judgment, interest and costs, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect; and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence or decree, and pay all such damages as said court may award against him." Article 2270, Rev. St. 1925.

The condition of the supersedeas bond herein is as follows: "Conditioned that the said Sam Kruger, plaintiff in error, shall prosecute his said writ of error with effect, and in case the judgment of the Supreme Court or the Court of Civil Appeals shall perform the judgment, sentence or decree, and pay all such damages as such court may award against him."

It will be observed the very essential words "be against him, he shall," are omitted from the bond as prescribed by statute, and, as said bond appears in this record, it creates no obligation upon plaintiff in error to pay anything unless it be such damages as the Supreme Court or the Court of Civil Appeals may award against him, and it is very doubtful if said bond obligates him to pay such damages. Said bond is wholly insufficient as a supersedeas bond or a cost bond on appeal. Said bond is insufficient as any kind of a statutory bond. Said bond is also defective, in that it is not in an amount double the amount of the judgment, interest, and costs. Appellee's motion to dismiss this writ of error on the grounds above stated has been on file for nearly a month, with no effort on the part of plaintiff in error to correct same. We think the motion should be sustained. Article 2270, Rev. St. 1925; Caldwell et al. v. Ballow (Tex. Sup.) 7 S. W. 677; White et ux. v. Harris, 85 Tex. 42, 19 S. W. 1077; Queen City Motor Co. et al. v. Texas Auto Supply Co. (Tex. Civ. App.) 241 S. W. 212.

Defendants in error's motion to dismiss this appeal is sustained, and same is hereby in all things dismissed.