## MAJOR v. MEINRATH BROKERAGE CO.

### No. 10267.

Court of Civil Appeals of Texas. San Antonio.

March 30, 1938.

Rehearing Denied May 18, 1938.

H. L. Faulk, of Brownsville, for appellant.

Weldon J. Bailey and C. M. Wunderman, both of San Benito, for appellee.

MURRAY, Justice.

This suit was instituted in the district court of Cameron county, on April 2, 1935, by Meinrath Brokerage Company, a corporation, against Paul Bryant and C. Major, seeking to recover the amount of principal, interest, and attorney's fees due on a certain note in the principal sum of $1,300, alleged to have been executed by Bryant and Major. It was further alleged that Bryant and Major were partners doing business under the firm name of Rio Grande Valley Canners Sales Company.

On April 19, 1937, the plaintiff below filed its second amended original petition, in which a recovery is again sought on the above-described note and in the alternative for recovery upon a sworn account attached to the pleading as an exhibit, setting forth various sums as brokerage on sales, and showing a total sum due of $1,250.29. The items are dated from June 20, 1934, to August 24, 1934.

The court, without the intervention of a jury, found that the plaintiff was entitled to recover upon the account stated in plaintiff's petition in the sum of $1,250.29, with accrued interest, amounting in all to the sum of $1,430.58, against the defendant C. Major. No judgment was

rendered against Paul Bryant, as he was deceased at the time of trial and his estate hopelessly insolvent.

From this judgment C. Major presents this appeal.

Appellant's first contention is that any recovery of the account was barred by the two-year statute of limitation. We overrule this contention. It is provided by article 5539b, Vernon's Civ. Statutes, among other things, that, where a pleading is filed embracing a cause of action, and at the time of filing such pleading such cause of action is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct, or different transaction and occurrence.

 The note originally sued upon and the account set up in the amended pleading both grow out of the same transaction, to wit, the selling of merchandise by a broker. Appellant seems to rely on Ramirez v. First State Bank & Trust Company, Tex.Civ.App., 92 S.W.2d 523, an opinion by this court. The facts in that case are quite different from the facts here and are sufficient to distinguish the two cases.

Appellant next contends that appellee failed to discharge the burden resting upon him to prove up each item in the account after defendant had denied under oath that the account was just or true in whole or in part. We sustain this contention. It is true that article 3736, R.S. 1925, as amended by Acts 1931, 42d Leg., p. 393, c. 239, § 1, Vernon's Ann.Civ.St. art. 3736, provides that in certain cases a verified account shall be taken as prima facie evidence of the justness of the same, unless denied under oath in writing by the parties sued on the account. In the case at bar appellant, Major, has denied the verified account as required and therefore it became appellee's duty to prove up his claim and each item thereof as though no verified account had been filed. Keating Implement & Machine Co. v. Erie City Iron Works, Tex.Civ.App., 63 S.W. 546; Olive & Stirnenberg v. Hester, 63 Tex. 190; Rust v. Sanger Bros., Tex. Civ.App., 105 S.W. 66; Blackwell Durham Tobacco Co. v. Jacobs, 57 Tex.Civ.App. 295, 122 S.W. 66.

This suit was for brokerage for the sale of certain canned goods. There is no evidence as to any contract existing between the Rio Grande Valley Canners Sales Company and the Meinrath Brokerage Company. There is no evidence that the brokerage charged was reasonable or that it was usual or customary in the trade, or that the appellee had been employed to make this sale.

The proof offered was insufficient to support the judgment rendered. Accordingly the judgment will be reversed and the cause remanded.