KING COUNTY v. J. J. MITCHELL.

Decided January 10, 1903.

**1.—Pleading—Quarantine—Account Against County.**

See pleading held sufficient as against a general demurrer in an action against a county upon an open account for medicines, necessaries, etc., furnished to parties while under quarantine restraint enforced by the county because of smallpox.

**2.—Quarantine—County—Liability.**

Where plaintiff was engaged in exterminating prairie dogs and smallpox broke out among the men in his employ, and he and they were placed in quarantine by the county physician, who shortly thereafter resigned, and no successor was appointed, and plaintiff was thereby compelled to furnish and did furnish such men with medicines, medical attention and provisions at his own expense during the two months they so remained in quarantine, he was entitled to recover of the county for the expenses so incurred. Rev. Stats., art. 4340.

**3.—Same—Voluntary Expenditures.**

Such expenses of plaintiff were not voluntarily incurred, inasmuch as they were made necessary by the failure of the county to supply the needs of the men.

**4.—Same—Implied Contract.**

Even if such items were not statutory charges against the county, yet as it had placed the men in quarantine and had failed to provide for their wants and necessities, there was an implied contract to pay therefor.

**5.—Same—Verified Account.**

Plaintiff's account against the county was not such an one as may be verified by affidavit within the meaning of the statute so as to require of the defendant a denial under oath before its correctness could be controverted, and it was therefore error to refuse to permit defendant to cross-examine as to the correctness and reasonableness of its items.

Appeal from the District Court of King. Tried below before Hon. J. A. P. Dickson.

*R. S. Holman, Holman & Dalton,* and *Hunter & Ford,* for appellant.

*J. H. Lynn* and *J. H. Glasgow,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellee recovered a judgment against the appellant in the District Court, upon a petition the sufficiency of which, as against a general exception, is called in question by proper assignment of error. The petition, omitting formal parts, is as follows, viz: "Your petitioner, hereinafter styled plaintiff, avers and charges that during the latter part of the year 1900 and the early part of the year 1901 he was engaged in killing prairie dogs by poisoning them on the range of S. B. Burnett in said King County, Texas, having in his employ about 15 men; that said men nor any of them were members of his family, and in no way was he obligated to care for said men or any of them, being simply in his employ in killing prairie dogs; that plaintiff further recites that smallpox, a contagious disease, broke out among the men in his employ, and that he and his men were placed

under a strict quarantine by the duly authorized and constituted authority of King County, acting through the County Commissioners Court of King County by an order duly entered of record in the minutes of the Commissioners Court of King County quarantining said King County against said infectious disease; that said Commissioners Court of said King County duly and lawfully appointed R. C. Hannah, a practicing physician of said county, it's health officer, and authorized him to perform such other and further special quarantine regulations as in his judgment he deemed for the best interest of the people of King County; that after the order of said court was passed quarantining said King County said R. C. Hannah, acting by virtue of his authority from said King County, placed a special quarantine in and around plaintiff's camp and men, and such quarantine was continued for a period of more than two months; that your petitioner and his men in his employ were the only persons in King County at that time, or after that time, that had the smallpox in King County; that immediately after said quarantine was put into operation the said R. C. Hannah resigned his position as quarantine officer for the reason that the Commissioners Court of King County refused to allow him a reasonable compensation for his services in attending to said smallpox patients, leaving said quarantine in operation as against this petitioner and the men in his employ, and no way by which they could obtain the services of a physician, said quarantine being kept in strict operation by said King County and her duly authorized agents and officers preventing this plaintiff or his men from going and obtaining medical attention and supplies and provisions necessary for the support and maintenance of said sick and afflicted men in his employ; that said county failed and refused to furnish petitioner or the men quarantined with him any medical attention or any health officer to look after their welfare, and failed and refused to furnish any medicines or provisions or supplies for their support and maintenance for said period of two months during the time said quarantine was in force and effect; that your petitioner can not furnish the court with an itemized account of a county physician attending upon your petitioner and men quarantined with him for the reason that said county failed and refused to furnish or to pay the physician appointed to perform the service, and after said resignation of said R. C. Hannah the said county failed to appoint in his place and stead a county physician to attend to the needs of petitioner and the men so quarantined with him. That being thus circumstanced through no fault of this petitioner, and being thus held in strict quarantine by the duly constituted authority of King County, your petitioner, being compelled by the dictates of common humanity, gave such aid, assistance and attention as he could possibly receive and obtain for himself and men in the condition they were placed; that your petitioner incurred expenses for nursing said men while they were sick with the smallpox, paid for all their medicines and provisions for said eight men, also furnished them shelter and protection and pro-

visions and supplies, during same entire two months; that your petitioner kept a careful and accurate account of all the moneys expended and expenses incurred in caring for and supplying everything he could for the comfort of said men thus quarantined; that as soon as the quarantine was raised and your petitioner was allowed to leave the place where King County had him quarantined he presented his account to the Commissioners Court of King County for their approval and allowance, which account is hereto attached and made a part of this petition, marked exhibit A. That at the time of presenting said account to the Commissioners Court of King County your petitioner explained said account fully to said court, giving in detail all items of expenditure contained in said account; that said Commissioners Court refused to consider said account and refused to allow same or any part thereof; that said account presented to the Commissioners Court of King County amounted to the sum of $350, and same was by said court refused and rejected. That your petitioner has now presented to this court a carefully itemized account covering the said sum of $350; that said account was not itemized sufficiently at the time of presenting same to the court for the reason that the petitioner did not have access to all the books and accounts constituting said account, and now presents them in full, itemized for the inspection and consideration of this court, which said itemized account is hereto attached and made a part of this petition, marked exhibit B. That said itemized accounts are the same items in bulk presented to the Commissioners Court for their allowance; that said account was rejected by the Commissioners Court of King County on the 11th day of February, 1902, and by said court rejected on same day; that at the time said account was presented to the Commissioners Court of King County same was a just account, due and payable; that these accounts and expenses enumerated in said itemized account would not have been incurred by plaintiff had it not been for the quarantine so strictly surrounding him and his men and by said King County enforced against them. That by reason of the acts set forth in this petition defendant became liable to this plaintiff in the sum of $350.

"Wherefore plaintiff prays that defendant be cited as the law directs, and that he have his judgment against King County, defendant, in the sum of $350, and all costs of suit, and such other and further relief as to the court shall seem just and equitable."

We think the petition states a cause of action against King County. Art. 4340, Rev. Stats., provides: "Whenever the commissioners court of any county has reason to believe that they are threatened at any point or place within or without the county limits with the introduction or dissemination of a dangerous, contagious or infectious disease that can and shall be guarded against by quarantine, they may direct their county physician to declare and maintain said quarantine against any and all such dangerous diseases; to establish, maintain and supply stations or camps for those held in quarantine; to provide hospitals, tents or pest houses for those sick of contagious and infectious disease; to

furnish provisions, medicine and all other things absolutely essential for the comfort of the well and the convalescence of the sick. The county physician shall keep an itemized account of all lawful expenses incurred by local quarantine, and his county shall assume and pay them as other claims against the county are paid."

We think a proper interpretation of this statute would require, that a county whose commissioners court has determined that they are threatened with the introduction or dissemination of a dangerous, contagious or infectious disease that can and should be guarded against by quarantine, and has directed the county physician to declare and maintain such quarantine, should furnish to those thus detained such provisions, medicines and other things as are absolutely essential to their comfort and convalesence, and is legally liable therefor. We can not hold that it is optional with a county to assume the duty of supplying these things. Nor can we assent to the contention of appellant, that the county would be relieved of this duty because of the fact that there was no county physician to keep the itemized account of the expenses incident to the quarantine, after the resignation of Dr. Hannah. The beneficent purpose of the statute was to supply to those detained in quarantine such things as were absolutely essential to their comfort and convalescence, and the duty of the county physician in the particular of keeping an itemized account of expenditures is at most only ministerial in its nature, and the liability of the county not made to depend upon his compliance. If such were the case, the county could in the most meritorious cases avoid all liability by refusing to appoint such auditing officer. Further, it was the duty of the county judge of appellant county to appoint another physician upon the resignation of Dr. Hannah.

It is contended that appellant can not recover upon his petition herein because whatever expenditures he made were voluntary upon his part, and that he can not, without the consent of King County, bind her. We do not think it can be said that expenditures made under the circumstances alleged are voluntarily made. It is not the case of one person voluntarily paying the debt of another; the supplies and medicine were furnished by the appellee himself ex necessitate rei. Again, were such items not statutory charges against the county, we would be constrained to hold that there was an implied contract to pay them. The county made the order directing a quarantine, appointed a county physician, who established such quarantine, placing guards, etc., about the camp of appellee and his men,—knew of the resignation of the county physician, and continued thereafter to maintain such quarantine, without providing another, and without in any manner whatever providing for the wants and necessities of those thus affected by the order, and must, under the circumstances alleged, be held to have consented to the appellee's supplying such things as it was legally liable for, but which it had made no arrangements to supply.

The petition nowhere alleges in terms that the provisions, medicines,

etc., supplied were absolutely essential for the comfort of the well or the convalescence of the sick, but no special exception was reserved to the omission, and the language used is good upon a general exception. But the view here indicated serves to accentuate the error complained of by appellant in its twenty-seventh assignment of error, and for which the judgment must be reversed. It was attempted to maintain the suit upon a verified account as provided for in article 2266 of the Revised Statutes. No denial under oath was interposed by appellant, and in consequence the appellant was denied the right to cross examine the appellee as to the correctness or reasonableness of the items sued for. This is not such an account as may be verified within the meaning of the statute. McCamant v. Batsell, 59 Texas, 363; Austin & N. W. Railway v. Daniels, 62 Texas, 70.

The error is material, for it was certainly pertinent to inquire into the correctness and reasonableness of the items, to the end that the county be not held liable save in the event the "provisions, medicine and other things" appeared to be "absolutely essential for the comfort of the well and the convalescence of the sick," considering the nature and extent of the quarantine.

The views here expressed dispose of the other assignments.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*