## OLIVER v. EDWARD WEIL CO.

(Court of Civil Appeals of Texas. San Antonio. May 24, 1911. Rehearing Denied June 21, 1911.)

1. COURTS (§ 121*) — JURISDICTION — AMOUNT IN CONTROVERSY—FAILURE TO GIVE CREDIT—EVIDENCE.

In an action upon an account, evidence *held* not to show that the creditor failed to give a proper credit, so as to fraudulently confer jurisdiction upon the court.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 121.*]

2. ACCOUNT, ACTION ON (§ 13*)—VERIFIED ACCOUNT—ACTIONS—BURDEN OF PROOF.

Where the answer in an action on a sworn account merely denies the indebtedness because of an alleged settlement, it is merely a plea of payment, which does not require plaintiff to prove the items of the account, though the answer is verified; the burden being on defendant to prove his defense.

[Ed. Note.—For other cases, see Account, Action on, Dec. Dig. § 13.*]

Appeal from Harris County Court; A. E. Amerman, Judge.

Action by the Edward Weil Company against Gean Oliver. From a judgment for plaintiff, defendant appeals. Affirmed.

Woods & Graham, for appellant. J. K. P. Gillespie and J. H. Davenport, for appellee.

JAMES, C. J. Plaintiff, the Edward Weil Company, sued appellant on a sworn account, showing balance of $237.12. Defendant answered under oath by a general denial, and a plea to the jurisdiction, to the effect that plaintiff had knowingly and fraudulently, for the purpose of conferring jurisdiction upon the court, failed to give appellant credit for the sum of $100, evidenced by a receipt attached to the answer, which was written by Edward Weil himself. The receipt read: "Received of Gean Oliver one hundred dollars %c of his bill. Edward Weil & Co. Sept. 10, 1908." Defendant pleaded also the statute of limitations, a settlement on or about September 10, 1908, of the account and matters herein sued for, by the defendant paying to plaintiff the sum of $100, as shown by the receipt attached, and the further consideration of the stock of goods, which plaintiff accepted in full settlement. The case was tried by the judge, and judgment given for plaintiff for $137.12.

[1] The first and second assignments contend that the court erred in not sustaining the plea to the jurisdiction. This is founded on the statement that Weil admitted the receipt was correct and written in his own hand, and, whether the failure to observe the credit in filing the suit was intentional or not, it amounted in law to willfulness. The testimony raised the issue as to whether or not appellant had paid $100 and was entitled to such credit. Weil testified that he recognized the receipt in his handwriting, but had no recollection of giving it. "I know, however, that he did not pay me this amount in cash; but I took what little stock he had left, consisting of liquors, cigars, etc., and agreed to give him credit for what I could sell them for, and sold it for $59.70, which amount is credited on his account, as shown by the itemized account on file in this suit. I sold these goods for the best price I could get, and gave the defendant the benefit of same by crediting his account. I never agreed to accept defendant's stock in full settlement of his account, but did agree to give him credit for what I could sell it for. I have no recollection of writing the receipt, but know he paid me no money. He offered me the stock, and I accepted it as a credit on defendant's account for the amount I could realize on the sale of it, for which at that time I gave him the receipt for $100, thinking stock would come to that or over. Instead of that, stock only came to $59.70." There was contravening testimony; but the court was authorized, from the above, to overrule the plea. The court may have believed, as it evidently did, by allowing defendant the credit of $100, that it should have been credited, and at the same time found that the failure of plaintiff to credit the sworn account with that amount was not an act done in fraud of the jurisdiction of the county court.

[2] The third assignment of error is overruled. There was no such sworn denial of the account as contemplated by the statute, in order to require plaintiff to make proof of the items of the account. The answer simply pleaded that defendant did not owe the account, because it had been discharged by a settlement by defendant paying plaintiff $100 and transferring the stock of goods. The answer in this respect, though sworn to, was nothing more than a plea of settlement or payment of the account, the burden of proving which was upon the defendant. Davidson v. McCall Co., 95 S. W. 32. It did not controvert the items of indebtedness.

The fourth assignment is overruled, as the judgment rendered was supported by testimony.

Judgment affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes