ENGINEERS' PETROLEUM CO. v. GOURLEY. (No. 9993.)

(Court of Civil Appeals of Texas. Fort Worth. June 3, 1922.)

**1. Pleading ⬅292—Cross-petition for damages held not to present an "open account," a "stated account," or an "account stated" within verification statute.**

In an action for labor performed, a verified cross-petition seeking damages for defects and delay in performance was not based on an "open account" or an "account stated" within Vernon's Sayles' Ann. Civ. St. 1914, art. 3712, so that plaintiff was entitled to judgment, without a verified denial, on default of defendant to appear at the trial; an "open account" being a statement of transactions of sale where something is left undetermined as to liability, while a "stated account" or "account stated" is one consisting of items based on agreements as to each item (citing 3 Words and Phrases, Account Stated).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Open Account.]

**2. Judgment ⬅126(4)—Plaintiff's testimony held to contradict allegations of verified cross-petition.**

In an action for labor performed, in which defendant filed a verified answer setting up damages for negligent performance and delay,

but did not appear at the trial, plaintiff's evidence, presented under an unverified denial, *held* to contradict the main allegations of the cross-petition.

**3. Judgment ⊜⇒301—Amendment of default judgment so as to dispose of cross-petition filed by defendant held proper.**

Where defendant filed a verified answer and cross-petition for damages from negligent performance of the work, to recover for which the suit was brought, a judgment by default which does not dispose of defendant's cross-action may be amended at a later date of the same term by adding thereto a denial of recovery on the cross-petition.

**4. Judgment ⊜⇒145(2)—New trial after default not granted where moving party cannot prevail.**

Where defendant, after default, sought a new trial of his counterclaim for absence of counsel, maintaining that he had a just and lawful defense, but not stating the nature of such defense in his motion, denial of the motion was not an abuse of discretion, where the evidence adduced by plaintiff on taking the default clearly showed that defendant could not prevail on his counterclaim.

Appeal from Wichita County Court; Guy Rogers, Judge.

Action by W. J. Gourley against the Engineers' Petroleum Company. From a judgment for plaintiff, defendant appeals. Affirmed.

R. E. Murphey and G. R. Holcomb, both of Wichita Falls, for appellant.

West & Watkins, of Wichita Falls, for appellee.

BUCK, J. W. J. Gourley sued the Engineers' Petroleum Company, a corporation, for $427, alleged to be due him by defendant for labor performed. Defendant answered by a general demurrer, by a general denial, and further pleaded that plaintiff had been employed by defendant to repair the flues on a boiler owned by defendant. It alleged that plaintiff did the work in a careless, negligent, unskillful, and incompetent manner. It was alleged further that the plaintiff overcharged defendant for the work done; that, because of the negligent manner in which plaintiff performed the work, it was necessary for defendant, within five days thereafter, to have the work done over, and that defendant had plaintiff again to roll and bead said flues, and to repair some of them, paying therefor certain sums of money; that even then the work done by plaintiff was so negligently done that it became necessary to employ other persons to repair said flues, and to pay them $224 therefor. Furthermore, defendant pleaded certain delays and losses of time, and consequent loss of production of oil, to the amount of $288.75. Defendant verified its answer.

Plaintiff on June 13, 1921, replied to defendant's answer, by a general denial, special exceptions as to defendant's cross-action, and a general denial thereof.

On June 14, 1921, a judgment was taken by plaintiff for $427, which judgment recites:

"On this day, on the regular call of the docket, came on to be heard the above entitled and numbered cause, the plaintiff appearing in person and by his attorney, and the defendant, although having appeared and answered herein, came not, but made default in this behalf; whereupon the plaintiff announced ready for trial, and the cause proceeded in the absence of the defendant, and the court, having heard the pleadings of the parties and the evidence adduced in support of plaintiff's cause, finds that the material allegations of the plaintiff's petition are true, and that the plaintiff should recover from the defendant as prayed for."

This judgment did not specifically dispose of defendant's cross-action.

On July 22, 1921, but during same term, defendant filed a motion to vacate the judgment rendered on June 14th, and for a new trial, showing that its counsel was called away from Wichita Falls by the serious illness of his father, and therefore was not present at the trial. In the motion it was urged that the judgment should be set aside because it did not dispose of the defendant's cross-action. Defendant pleaded that it had a just and lawful defense to plaintiff's action. Thereupon, on July 30, 1921, the court amended the judgment formerly entered by adjudging that the defendant take nothing by its cross-action. In this amended judgment the court finds from evidence adduced on June 13th that the plaintiff was entitled to recover in his action, and that the defendant was not entitled to recover on its cross-action. From this judgment of July 30th the defendant has appealed.

[1] One of appellant's assignments is to the action of the court in rendering judgment for plaintiff, and against defendant on his cross-action. Appellant urges, since the cross-action was verified and was not denied under oath by plaintiff, that the trial court, under article 3712, V. S. Tex. Civ. Statutes, should have accepted such verified account as prima facie proof of the correctness of the indebtedness claimed by defendant.

We do not think that the cause of action pleaded by defendant in his cross-plea was an "open account," as meant by this article. As said in McCamant v. Batsell, 59 Tex. 363, 368:

"This statute prescribes a rule of evidence, and in terms is applicable only to open accounts. To authorize proof of indebtedness to be made by the affidavit of the plaintiff, the action must be upon an open account. What is meant by these words as used in the statute is not free from doubt. An 'account' has been defined to be a 'detailed statement of the mu-

tual demands in the nature of debt and credit between parties, arising out of contracts or some fiduciary relation.' 1 Metcalf, 216; 24 Wis. 594.

"As used in the statutes of this state, in act referred to, we believe that the word 'account' is used in its popular sense, rather then in a technical sense, and that it applies to transactions between persons in which, by sale upon the one side and purchase upon the other, the title to personal property passes from the one to the other, and the relation of debtor and creditor is thereby created by general course of dealing, and that it does not mean one or more isolated transactions resting upon special contract.

"This construction is indicated to be the true one by article 3204, R. S., which provides that 'In all accounts, except those between merchant and merchant, as aforesaid, their factors and agents, the respective times or dates of the delivery of the several articles charged shall be particularly specified, and limitation shall run against each item from the date of such delivery, unless otherwise specially contracted.'

"This article evidently has reference to dealings between persons in which there is a sale and delivery of personal property by one to another, from which, by contract, express or implied, the receiver becomes the debtor. As here used, the word 'sale' is used in its broadest sense, and embraces all transactions by which the title to personal property passes from one person to another.

"The third subdivision of article 3205, R. S., having reference to 'mutual and current accounts concerning the trade of merchandise between merchant and merchant,' conveys the same idea, for this refers to merchants, persons whose business it is to sell and buy merchandise, and to the trade of such persons, * * * by which term is understood 'all those things which merchants sell, either at wholesale or retail, as dry goods, hardware, groceries, drugs, etc.' 2 Bouvier, words 'Merchant' and 'Merchandise.'

"The word 'account' is presumed to have the same meaning in all of the articles of the statute referred to, there being nothing in the context to indicate a different intention.

"An 'open account' is defined to be 'one in respect to which nothing has occurred to bind either party by its statements; an account which is yet fully open to be disputed.' Abbott's Law Dictionary. If this definition be correct, the matter sued upon cannot be an open account; for the liability of the defendant, if he be the principal debtor, and the plaintiff only his surety, is, upon payment of the debt by the surety, absolutely fixed as to the amount of the debt and the liability of the defendant to pay it.

"An account is said to be open, also, when there have been running or current dealings between the parties, and the account is kept open with the expectation of further dealings. Gardiner v. Harrison, 6 Ala. 438. Such is not this case."

This cross-action is predicated on an implied promise or duty of plaintiff either to perform the agreed services in the first place "in a good and proper manner," and to make the repairs so that it would not be necessary within a short time to do the work again, or, in case he should fail to do this, to reimburse defendant for the money paid other persons for making the repairs; also it involves the question of the duty of the plaintiff to respond in damages for the loss of oil alleged to have occurred while the flues were undergoing repairs by the person subsequently employed by defendant after plaintiff had failed to do the work satisfactorily. The primary meaning of "open account" involves the statement of transactions of sale between the parties in which there is something left undetermined as to the question of liability. A "stated account" or an "account stated" is one consisting generally of many items based on agreements as to each item as to the price and time of payment. 3 Words and Phrases, First and Second Series, pages 738, 739, and Texas authorities there cited. But in the instant case we do not think that defendant's cross-action was one which could be stated either as an "open account" or as a "stated account." See Myers v. Grantham (Tex. Civ. App.) 187 S. W. 532. Article 3712, Rev. Statutes, invoked by appellant, seems to apply only to transactions between persons in which, by sale on the one side and purchase on the other, the title of personal property is passed from one to the other, and the relation of debtor and creditor is thereby created by general course of dealing. Bixler v. Dolieve (Tex. Civ. App.) 220 S. W. 148. Hence we overrule appellant's first assignment of error, which complains of the judgment below, because, as asserted, the defendant's verified cross-action was prima facie evidence of defendant's right to recover thereon.

[2] The evidence in the statement of facts is short, and consists of the testimony of the plaintiff to the effect that he did some boiler repairing for the defendant during the latter part of June, 1920, for which he made a "reasonable charge" of $427; that defendant agreed that such charge was reasonable and promised to pay the bill the next day. M. F. Kerr, representing the Engineers' Petroleum Company, ordered the work done and agreed that the work was correctly done and the bill a just one against the company.

M. F. Kerr testified that plaintiff repaired the boiler for the defendant and that:

"The flues didn't hold because just after they were fixed they sent a boy out there that hadn't had any experience, and he overfired the boiler and loosened them, and they had to be calked again. We had trouble with them, but it certainly was not Mr. Gourley's fault. I quit the company on the 8th day of July, and when I was leaving I told them those bills of Gourley's were to be paid; that they were correct and just. They could not have been injured on account of Gourley's not fixing the boilers right, anyway, because they had other boilers there on the lease, and all they would have had to

do was to disconnect one and hook the other up. If the boilers had been handled right, the flues ought to hold six months."

Thus it will be seen that the testimony bears directly upon the cross-action set up in defendant's answer, and contradicts the main allegations therein.

[3] We do not find error in the action of the trial court in amending the judgment on July 30, 1921, so as to deny defendant the right to recover on its cross-action. The authority of courts to amend their judgments in term time is well established by the authorities, and we see no abuse of discretion of the trial court in doing so in this case. G., C. & S. F. R. Co. v. Muse (Tex. Sup.) 207 S. W. 897, 4 A. L. R. 613; Kentz v. Kentz (Tex. Civ. App.) 209 S. W. 200; Taylor v. Masterson (Tex. Civ. App.) 231 S. W. 856; Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161; Fort Worth Imp. District v. City of Fort Worth, 106 Tex. 148, 158 S. W. 164, 48 L. R. A. (N. S.) 994; Kinney v. Telephone Co. (Tex. Com. App.) 222 S. W. 227. The evidence introduced on the original hearing was sufficient to justify the court in denying defendant the right of recovery on its cross-action.

[4] Nor are we prepared to hold that the court abused its recognized discretion in refusing defendant a new trial on account of the absence of its attorney. The only ground the defendant set up for a new trial, except those already discussed, was that it had a just and lawful defense against the action of the plaintiff. No allegation as to what that defense was is contained in the motion, and since, as before stated, the evidence introduced on the hearing on June 13th showed that M. F. Kerr was foreman for the defendant at the time the work was done, and that he ordered it to be done, and that the plaintiff did the work in a satisfactory manner, we are of the opinion that the trial court did not commit error in overruling the motion for a new trial.

Accordingly all assignments of error are overruled, and the judgment is affirmed

---

⚫══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction October 18, 1922.