## AMERICAN DRUGGISTS' SYNDICATE v. HOLT DRUG CO. (No. 7346.)

(Court of Civil Appeals of Texas. San Antonio. April 29, 1925.)

1. Continuance ⬅➡40—Right waived by plaintiff announcing ready for trial after answer filed on day of trial.

Right of plaintiff to continuance under Rev. St. art. 3712, because of answer in action on verified account being filed on day of trial, was waived by plaintiff announcing ready for trial after answer was filed.

2. Account, action on ⬅➡13—Answer held not to comply with statute.

Answer in action on account *held* not the "denial, under oath, stating that such account is not just or true, in whole or in part," required by Rev. St. art. 3712.

3. Account, action on ⬅➡13—Defendant may prove payment under allegation of return of goods, without denial of correctness of verified account.

Defendant in action on verified account may, under allegation of return of merchandise, prove payment of account without denying correctness of account, as required by Rev. St. art. 3712, in order to attack its correctness.

4. Account, action on ⬅➡13—Only on open account does verification require denial under oath of its correctness.

Rev. St. art. 3712, which in action on open account, supported by affidavit, requires denial under oath that account is just or true, that defendant may attack its correctness, has no application to a verified account in a case obviously not embraced in its terms.

5. Appeal and error ⬅➡1177(7)—Remand rather than rendition required on reversal, where court's erroneous ruling may have prevented appellee taking proper course.

On reversal for error in rendering judgment for defendant, in action on verified account, there will be a remand, rather than a rendition of judgment, where the court by its ruling may have prevented defendant from filing a proper affidavit, attacking correctness of the account, or from showing payment without such an attack.

Appeal from Tarrant County Court for Civil Cases; H. O. Gossett, Judge.

Action by the American Druggists' Syndicate against the Holt Drug Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

H. C. Ray, of Fort Worth, for appellant.
Arnold Davis, of Ft. Worth, for appellee.

COBBS, J. Appellant sued appellee for $336.25, on a verified account for goods, wares, and merchandise sold and delivered by appellant to appellee. It complied with the statute fully. The appellee filed an answer containing general and special demurrers, followed by certain defensive matters, but it was not verified before the parties announced ready for trial, or ever, as the statute requires. The statute provides:

"When any action or defense is founded upon an open account, supported by the affidavit of the party, his agent or attorney, taken before some officer authorized to administer oaths, to the effect that such account is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial

(272 S.W.)

in said cause, file a written denial, under oath, stating that such account is not just or true, in whole or in part, and if in part only, stating the items and particulars which are unjust." Article 3712, Rev. Stats.

It is further provided in that article that, if the counter affidavit is filed on the day of trial, the party who filed the verified account shall have the right to continue the cause until the next term of the court, and it is also provided that, when the opposite party fails to file the statutory controverting affidavit, "he shall not be permitted to deny the account or any item therein." Oliver v. Edward Weil Co. (Tex. Civ. App.) 138 S. W. 1109; Davidson v. McCall (Tex. Civ. App.) 95 S. W. 32; Peterson v. Graham-Brown Shoe Co. (Tex. Civ. App.) 200 S. W. 899; Blackwell Durham Tobacco Co. v. Jacobs, 57 Tex. Civ. App. 295, 122 S. W. 66; Shuford v. Chinski (Tex. Civ. App.) 26 S. W. 141; Oil Well Supply Co. v. Texanna Production Company (Tex. Civ. App.) 265 S. W. 203.

[1] Appellant announced ready after the controverting affidavit was filed, and made no effort to continue the case until he ascertained that the cause was decided against him. No bill of exceptions was taken to any action of the court as to the continuance or otherwise. The only ground on which the application for continuance was sought was that the answer was filed on the day of the trial. Appellant waived that by announcing ready for trial after the answer was filed. The matter of continuance is not before this court. There is no motion for continuance in the record.

[2, 3] Appellee filed an answer, and verified it by affidavit, but it is not in fact or in substance a compliance with the statute. It is only by inference or implication that there is any allegation that the account was not just or true in whole or in part. In fact, the answer is vague and contradictory in its parts; in one part stating that the merchandise had been sent to an agent of appellant and for his use and benefit, and then sets up something about appellant failing to credit appellee with the value of merchandise returned. At any rate the attack on the verified account does not comply with the statute. However, under the allegation of a return of the merchandise, appellee might have been permitted to prove payment of the account without an answer denying the correctness of the account. Moore v. Powers, 16 Tex. Civ. App. 436, 41 S. W. 707; King County v. Mitchell, 31 Tex. Civ. App. 171, 71 S. W. 610; Alexander v. Wroe (Tex. Civ. App.) 164 S. W. 1055; Queen City Motor Co. v. Texas Auto Supply Co. (Tex. Civ. App.) 241 S. W. 212.

[4] Of course the statute has no application to a verified account in a case obviously not embraced within its terms. King County v. Mitchell, supra. It is held in Queen City Motor Co. v. Texas Auto Supply Co. supra:

"The only respect in which the account was questioned was the omission therefrom of certain credits to which defendants claimed they were entitled. An account verified as required by article 3712, supra, while prima facie proof of its correctness, does not preclude the right of a defendant to deny liability therefor, in the absence of a counter affidavit. It does not preclude such defendant from proving, under appropriate pleadings, that the account has been paid in whole or in part, or from asserting a counterclaim against same. Railway Co. v. McTiegue, 1 White & W. Civ. Cas. Ct. App. § 461; Bach Meiss & Co. v. Ginacchio, 1 White & W. Civ. Cas. Ct. App. § 1316; Moore v. Powers, 16 Tex. Civ. App. 436, 41 S. W. 707; Blackwell Durham Tobacco Co. v. Jacobs, 57 Tex. Civ. App. 295, 122 S. W. 66; Alexander Bros. v. Wroe & Geppert (Tex. Civ. App.) 164 S. W. 1055; Selz, Schwab & Co. v. Shipman (Tex. Civ. App.) 230 S. W. 842. It is believed that the final clause in article 3712, to wit, ' * * * when he fails to file such affidavit, he shall not be permitted to deny the account, or any item therein, as the case may be,' is a limitation only upon defendant's right to attack the correctness of the account, and does not affect his right, under appropriate pleadings, to prove that the account has been paid in whole or in part, or to urge a counterclaim against same. See authorities supra."

[5] Under the circumstances it was undoubtedly error to render judgment for appellee, but, as the court by its ruling may have prevented appellee from filing a proper affidavit or without attacking the correctness of the account have shown payment of the same, the ends of justice may be more nearly attained by a reversal and a remanding rather than by a rendition in this court. So we have concluded to reverse the judgment, and remand the cause for another trial.

Reversed and remanded.