F. W. COOK BREWING CO. v. PAGE et al.
(No. 7462.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 6, 1926.)

1. Account, action on ⊂⟹12—Plea of reconvention held not to controvert plaintiff's verified account.

Plea in reconvention for breach of contract and recovery "over against" plaintiff of damages *held* not to controvert plaintiff's account, verified as provided by Rev. St. 1911, art. 3712.

2. Account, action on ⊂⟹12—Account, verified as required by statute, should be admitted in evidence, in absence of sworn denial.

Account pleaded and verified, as required by Rev. St. 1911, art. 3712, should be admitted in evidence without further proof, in absence of sworn denial prescribed by statute.

3. Account, action on ⊂⟹14—When account, verified as provided by statute, is admitted in evidence, plaintiff has established a prima facie case.

When account, verified as required by Rev. St. 1911, art. 3712, is admitted in evidence, plaintiff has established a prima facie case, and burden then shifts to defendant to prove actual damages, for alleged breach of contract pleaded in reconvention.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by the F. W. Cook Brewing Company against S. D. Page and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

J. C. Scott, of Corpus Christi, for appellant.

H. R. Sutherland and Boone & Savage, all of Corpus Christi, for appellees.

SMITH, J. This suit was brought by appellant, F. W. Cook Brewing Company, against appellee Page upon an open account of $2,564, incurred under the provisions of a written contract between the parties. The other appellees were joined as parties defendant as sureties upon Page's bond to se-

cure performance of the contract. The open account was verified as provided by statute (article 3712, R. S. 1911), and the controlling question presented in the appeal is the sufficiency of Page's affidavit controverting the correctness of the account sued on to defeat the prima facie case made by the sworn account. In its petition, as well as in the attached verified account, appellant alleged the sale of specified items to Page in the usual and prescribed form of an open account.

In his pleadings, as well as in the controverting affidavit attached thereto, Page did not deny the correctness or justness of those items, or either of them, but by way of reconvention alleged that appellant had breached its contract with him, whereby it damaged him in certain specific sums, amounting to $2,780, for which he sought recovery "over against" appellant as "actual damages." It was further alleged in Page's answer that:

"The itemized and sworn account herein rendered is not correct and is unjust, said account showing that the defendant Samuel D. Page owed the plaintiff the sum of $2,564, at the time of plaintiff's failure to continue to comply with the agreement herein sued on, when in truth and in fact the amount of S. D. Page's account with said brewing company at the time said company refused to longer comply with the terms of its agreement was $2,098.92."

And in concluding his answer Page prayed:

That "the plaintiff take nothing against defendant Samuel D. Page, or his sureties on the bond herein sued on, and that the court award him, said S. D. Page, the sum of $681.08, his actual damages over and above the amount due said brewing company on the date of its refusal to further perform the conditions of its agreement. * * *"

This answer was verified in general terms by Page, who concedes that the pleading and its verification were insufficient to destroy the prima facie case made by appellant's petition and verified account. Page, however, filed a trial amendment, alleging:

That "the account sued on by plaintiff herein is not just or true, and that the same is unjust and untrue, in the following particulars, to wit: That defendant is entitled to credits thereon in the several amounts shown in his said answer, which plaintiff should under their contract have allowed him, but failed to allow, and that he is not indebted in any sum whatever to plaintiff, but, on the contrary, plaintiff is indebted to him in the sum shown in his said answer. And this he is ready to verify."

This trial amendment was verified by Page, to the effect that it "constitutes a true and just statement of his denial of plaintiff's account in this cause."

[1] It will at once be seen from the foregoing statement of the case that as a practical matter appellees, in their pleadings and supporting affidavit, do not question the cor-

⊂⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rectness or justice of either or all the items comprising appellant's account, but in terms admit that those items and the amount thereof are just and true. The plea in reconvention by which appellees sought to recover damages of appellant for breach of contract did not have the effect of controverting appellant's account, but was urged by way of a cross-action with which to off-set it, and could be given no other effect. The defense presented was, not that appellant's account was unjust or untrue or incorrect in any particular, but that appellees had a cause of action for damages against appellant which overbalanced that account. That is all there is to the case.

[2, 3] So, when appellant pleaded the account and verified it as provided by statute, it made a prima facie case, and, in the absence of the sworn denial prescribed by statute, the account was admissible without further proof thereof than its verification by affidavit. The court should therefore have admitted it in evidence when offered, but excluded it, and its rejection was reversible error. If it had been admitted, it would have established a prima facie case for appellant, and the burden would then have shifted to appellees to prove their actual damages for the alleged breach of contract, for which they prayed "judgment over." Article 3712, R. S. 1911; Oliver v. Weil (Tex. Civ. App.) 138 S. W. 1109; Davidson v. McCall (Tex. Civ. App.) 95 S. W. 32; Shuford v. Chinski (Tex. Civ. App.) 26 S. W. 141; Petroleum Co. v. Gourley (Tex. Civ. App.) 243 S. W. 595.

Appellees contend that the judgment is correct, because the original petition of appellant shows on its face that appellant was a foreign corporation, that the transaction involved was one in intrastate commerce, and was in violation of our anti-trust statutes, and did not show appellant had authority to sue in the courts of this state. These objections, however, were overcome in appellant's trial petitions, which showed the transaction to have been one in interstate commerce.

Because the court erred in refusing to admit appellant's sworn account in evidence, the judgment must be reversed, and the cause remanded.