## J. W. CARTER CO. v. PIERCE.
### No. 9459.

Court of Civil Appeals of Texas. Galveston.
June 13, 1930.

Rehearing Denied July 3, 1930.

R. E. Tompkins, of Hempstead, for appellant.

J. B. Leigh, of Navasota, for appellee.

LANE, J.

J. W. Carter Company, a corporation, brought this suit against Louis Pierce upon an account purporting to be an invoice of a certain lot of shoes, sold by Carter Company to Pierce, in which the prices agreed upon were set out. Such account was duly itemized and verified as provided for by article 3736, Revised Civil Statutes of 1925.

Defendant answered by general denial and by special plea as follows:

"For further and special answer wherein this defendant alleges that he purchased of plaintiff the goods described in the itemized account attached to plaintiff's petition, upon the representation made by plaintiff that such goods were of good quality, and would give satisfactory service to defendant's trade; that said goods were delivered to defendant and defendant began selling them; that said goods consisted of shoes purchased by de-

fendant from plaintiff and defendant began selling said shoes to his trade, and a short time after he began so selling said shoes, he began to have calls for replacement of said shoes and complaints from his customers that said shoes were worthless and would wear out in a few days; that defendant notified plaintiff that said shoes were not of the quality represented by plaintiff to defendant, and that defendant was ready to deliver such of said shipment as had not been sold, to plaintiff as soon as he should receive shipping instructions; that defendant paid to plaintiff the purchase price of such shoes as were sold by him and notified plaintiff that he held the balance of such shoes subject to his order.

"That by reason of the poor quality of the shoes in question, defendant was subjected to considerable annoyance and trouble in reference to the sale thereof; that they were of such poor quality that defendant could not and would not recommend them to his trade after he discovered that they were not of the quality represented by plaintiff to him at the time defendant purchased same from plaintiff, and that defendant has since held such shoes subject to plaintiff's order and now so holds them and is ready and willing to deliver them to plaintiff.

"That plaintiff induced defendant to purchase said shoes by fraudulently representing to defendant that they were of good grade and quality, when, in truth and in fact, said shoes were of very poor quality and grade and were not salable to defendant's trade for that reason."

Such answer was sworn to by the defendant.

The substance and effect of defendant's special plea is an admission that the itemized verified account sued upon correctly states the items which he contracted to purchase from plaintiff, as well as the prices to be paid by him therefor. But he seeks to avoid payment of such account upon his plea alone that the shoes delivered by the plaintiff to him were not those sold to him and described in the account; that they were not such as the plaintiff represented them to be, upon which representations he relied in making such purchase; that he had sold only a part of such shoes, for which he had paid plaintiff, and had returned to plaintiff those unsold.

The cause was submitted to the court without a jury, whereupon the plaintiff introduced in evidence its itemized verified account, and rested. The court, without hearing any evidence from any source in support of the matters and things pleaded by the defendant as a bar to the right of the plaintiff to a recovery upon its verified account, rendered judgment that the plaintiff take nothing by its suit, ordering the defendant to deliver to the plaintiff, at Navasota, Tex., all of said shoes which defendant had not sold and paid for.

The plaintiff has appealed to this court, and assigns the action of the court in so rendering such judgment as reversible error.

We sustain appellant's contention. A plea impeaching the stated consideration of a contract shown by a verified itemized account, verified in manner and form as provided by article 3736, Revised Civil Statutes of 1925, does not throw upon the plaintiff bringing suit upon such account the burden of proving a consideration, but it is incumbent upon the defendant making such plea to establish by proof his plea of want or failure of consideration. Oliver v. Edwards (Tex. Civ. App.) 138 S. W. 1109; Blackwell Durham Tobacco Co. v. Jacobs, 57 Tex. Civ. App. 295, 122 S. W. 66; American Druggists' Syndicate v. Holt Drug Co. (Tex. Civ. App.) 272 S. W. 508.

The attack made by appellee on the verified account sued on does not comply with the statute relative to such attacks, and in such case the plaintiff made out a prima facie case upon its introduction of its verified account, and was entitled to a judgment in its favor, in the absence of proof establishing the defendant's answer. However, since under the answer of the defendant he should be permitted to prove, if he could, the allegations thereof without an answer denying the correctness of the verified account, the judgment is reversed, and the cause remanded for another trial.

Reversed and remanded.