

# The Attorney General of Texas

December 27, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Dallas District Attorney
6th Floor, Records Building
Dallas, Texas 75202

Opinion No. MW-113

Re: Division of responsibilities
between city and county health
officers, and related matters.

Dear Mr. Wade:

You ask if Dallas County and the county health officer have any responsibility for the provision of health services and facilities within incorporated areas of the county, particularly with respect to the report and treatment of tuberculosis and venereal disease.

The control of infectious and contagious diseases, such as tuberculosis and venereal disease, is a topic about which the legislature has been specific. See V.T.C.S. arts. 4445, 4477-11. To combat such maladies, it has given extraordinary power to various officials. It is expressly within the power of a county commissioners court, for example, to direct that the county health officer declare and maintain a quarantine, to establish, maintain and supply camps or hospitals for those infected, and to assume the costs. V.T.C.S. art. 4460; see Attorney General Opinion O-4960 (1942). Article 4460 further provides:

> ... Chartered cities and towns are embraced within the purview of this article, and the mere fact of incorporation does not exclude them from the protection against epidemic diseases given the commissioners court to other parts of their respective counties. The medical officers of chartered cities and towns may perform the duties granted or commanded in their several charters, but must be amenable and obedient to rules prescribed by the [Texas] State Board of Health. This article, however, must not be construed as prohibiting any incorporated town or city from declaring, maintaining and paying for local quarantine.

Cf. V.T.C.S. arts. 4450 (local quarantine disputes); 4451 (local authorities subordinate); 4459 (local quarantine). Protection against epidemic diseases,

such as tuberculosis and venereal disease, is a service the county government is required by state law to furnish county residents within — as well as without — incorporated cities. See Attorney General Opinion M–683 (1970).

In our opinion the establishment and maintenance of places to quarantine and treat tuberculosis and venereal disease patients within the county is primarily a county responsibility, whether or not those infected are originally discovered within an incorporated area. V.T.C.S. art. 2351, § 7. There is ample authority, however, for incorporated cities to expend funds for such purposes, and to cooperate with the county in such matters. V.T.C.S. arts. 1015, 4436a–1, 4434, 4459, 4477–11, § 5(c); City of Dallas v. Smith, 107 S.W.2d 872 (Tex. 1937).

Texas statutes provide for both a city health officer and a county health officer, each of whom is charged with reporting to state authorities the presence of all contagious, infectious and dangerous epidemic diseases "within his jurisdiction." V.T.C.S. arts. 4423, 4425, 4427, 4430. The city health officer is also required by article 4430 to aid and assist state health officials in matters of quarantine, vital and mortuary statistics, inspection, disease prevention and suppression, and sanitation "within his jurisdiction"; the county health officer is required by article 4427 to do the same regarding such matters "within his county."

Appointment of health officers for both cities and counties is mandatory, and the failure to appoint them does not relieve local governments of responsibility or expense for protection of the public health. See King County v. Mitchell, 71 S.W. 610 (Tex. Civ. App., 1903, no writ); Attorney General Opinion O–816 (1934). If the offices become vacant and are not filled promptly by the appropriate local body, the Texas Board of Health is empowered to appoint a county or city health officer. V.T.C.S. art. 4426. See also V.T.C.S. art. 4455. The state board may also take steps to remove a local health officer or forfeit his salary. V.T.C.S. arts. 4428, 4429, 4431, 4432. See also V.T.C.S. arts. 4419, 4451.

In White v. City of San Antonio, 60 S.W. 426 (Tex. 1901), the Supreme Court noted that statutes then in force made all county and municipal quarantine actions subject to such rules and regulations as the governor or state health officer might prescribe, and that local health officers were bound to obey them. The court said:

> These provisions make the health officers of a city officers of the
> state, and show that in our state their functions are governmental,
> and are conferred in the interest of the public at large.

Id. at 427. Current statutes are of the same tenor. See V.T.C.S. arts. 4419, 4427, 4428, 4430, 4431, 4451; City of Dallas v. Smith, supra.

We think the statutes found in chapters 1, 2, and 4B of Title 71, V.T.C.S., regarding public health, taken together and read in pari materia, show that when city and county health officers are discharging local duties independently laid upon them by the local

governments which appointed them, the jurisdiction of the city officer ordinarily includes only the incorporated area of the city, and the jurisdiction of the county officer ordinarily includes only unincorporated areas of the county.  But see V.T.C.S. arts. 1072, 4460.  Cf. V.T.C.S. arts. 4435 (unincorporated towns); 4436 (incorporated cities, towns and villages). When, however, they are engaged in the performance of duties devolving upon them as officers of the state subject to the supervision and control of the Texas Board of Health, the "jurisdiction" of each as to reports, et cetera, is a matter for determination by the Texas Board of Health within legislative guidelines.  V.T.C.S. art. 4450.

Although there is broad language in Ex parte Ernest, 136 S.W.2d 595 (Tex. Crim. 1940), to the effect that our statutes should not be construed to give a city or county health officer jurisdiction over another city or county, the court was discussing out-of-county duties assigned a city health officer by the city's governing body.  It was not discussing the jurisdictional division between a county health officer and the health officers of cities within the county.  Nor was the court addressing the discharge of duties as officers of the state under state control.  The distinction is significant.  City and county health officers are not purely local officers, even though they are appointed by local bodies.  White v. City of San Antonio, supra; see also City of Dallas v. Smith, supra. Cf. Attorney General Opinion O-816 (1939) (dicta).

## S U M M A R Y

Counties, not cities, are primarily responsible for the establishment and maintenance of places to quarantine and treat tuberculosis and venereal disease.  The jurisdictions of city and county health officers are ordinarily limited to municipal boundaries on the one hand and unincorporated areas on the other, but when they are acting as officers of the state, the Texas Board of Health has power to determine their respective jurisdictions.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
Bruce Youngblood