W. T. RAWLEIGH CO. v. COOK et al.

No. 3132.

Court of Civil Appeals of Texas. Beaumont.

June 2, 1937.

Rehearing Denied June 9, 1937.

N. B. D. Bailey, of Center, and J. W. Thomas, of Belton, for appellant.

Sanders & McLeroy, of Center, for appellees.

WALKER, Chief Justice.

This suit was filed in county court of Shelby county by appellees, I. D. Cook, R. H. Permenter, and W. W. Hickman, against R. C. Snider and appellant, W. T. Rawleigh Company, to cancel a surety contract executed by them to appellant, whereby, upon demand, they promised to pay appellant any balance or amount that might be owing it on account of merchandise sold and delivered to R. C. Snider. As grounds for relief, appellees pleaded that the contract between Snider and appellant, secured by their contract of suretyship, was in violation of our anti-trust statutes (Vernon's Ann.Civ.St. art. 7426 et seq.), in restraint of trade and wholly void. Appellant answered by general and special demurrers, general denial, and by special plea asserted the validity of the contract with Snider, and by cross-action prayed for judgment against appellees for the sum of $657.72, the amount of its account against Snider, secured by the contract of suretyship. Defendant Snider answered by general denial of the allegation of appellant's cross-action, and by special plea adopted the allegations of appellees' petition.

The jury found the following facts: In 1927 R. C. Snider entered into a written contract with appellant to sell its products in Shelby county. This contract, renewed from year to year up to and including 1933, required and compelled Snider to sell the products shipped to him by appellant in fixed territory to the exclusion of all other territory, and to sell such products "at particular prices fixed" by appellant, and "to devote all his time in selling the products shipped to him" by appellant. In making the contract, there was an "intent" on the part of both R. C. Snider and appellant "to violate the anti-trust laws."

On the verdict of the jury and supplementary findings made by the court, judgment was entered in favor of appellees for the relief prayed for.

Opinion.

Appellant's first proposition, based on the overruling of its general demurrer, is that our anti-trust statutes "are repugnant to the organic law of the land, and have been so construed by the highest courts of the Country," citing State v. Standard Oil Co. (Tex.Civ.App.) 82 S.W. (2d) 402 (writ granted), and Connolly v. Union Sewer Pipe Co., 184 U.S. 540, 22 S.Ct. 431, 46 L.Ed. 679. The cases cited do not control the facts of this case. The following authorities support the judgment of the court overruling the general demurrer on this point: McConnon & Co. v. Klenk (Tex.Civ.App.) 11 S.W.(2d) 222; Henderson Tire & Rubber Co. v. Roberts (Tex.Com.App.) 12 S.W.(2d) 154; Chunn v. W. T. Rawleigh Co. (Tex.Civ.App.) 9 S.W.(2d) 268; W. T. Rawleigh Co. v. Land, 115 Tex. 319, 279 S.W. 810; National Automatic Mach. Co. v. Smith (Tex.Civ.App.) 32 S.W.(2d) 678.

Appellant makes the second point under its general demurrer that appellees' petition did not allege "intent" on the part of appellant and Snider to violate the anti-trust laws. There is no merit in this contention. Appellees alleged the voluntary execution of the contract and that the efforts of appellant and Snider to comply with its terms violated the anti-trust laws. These allegations were good as against the general demurrer.

Under the rights granted them by article 3769-c of Vernon's Ann.Civ.St., appellees called defendant Snider for the purpose of cross-examination. Appellant objected to this examination of Mr. Snider on the ground that, though sued as a defendant, he was in fact a plaintiff and was hostile to it and its defense and cross-action. When Mr. Snider was called as a witness, before his examination, appellant presented to the court the following exception which was overruled:

"Your honor, we want it noted here, that while R. C. Snider has been plead in this case as a defendant, he is being

called to the witness stand for cross examination; that R. C. Snider, for the purposes of this litigation, and every purpose, is not a defendant, but is a plaintiff, and he is not our witness, but is antagonistic to every cause of the W. T. Rawleigh Company, and we want to ask the court, now, to request Plaintiffs' counsel to vouch for his own witness, and to make this man his witness, because he is not our witness, and we do not vouch for him, and he is antagonistic to our every purpose, and we want the Court to instruct the jury that for the purpose of this litigation, R. C. Snider is not a defendant."

 This ruling of the court was not error for the following reasons: (1) The facts stated in the exception were not verified by the trial court by bill of exception or otherwise, nor does appellant make any statement from the record in support of the fact recitations of its exception. (2) We cannot say that the character of the questions asked Snider by appellees were leading to the extent that they constituted harmful error; this conclusion is based upon the very questions and answers brought forward by appellant in its brief. The rule is thus stated by 45 Tex.Jur. 1111: "Improperly permitting leading questions is not ground for reversal in the absence of a showing that the complaining party was prejudiced thereby." (3) Snider was a defendant and, under the statutes cited above, appellees had the right to develop his testimony as on cross-examination. There was no finding by the court, brought forward by bill of exception or otherwise, of a conspiracy between appellees and Snider to injure appellant, nor of any agreement or understanding between them to work together against appellant's interest. The mere fact that Snider adopted as a part of his answer the allegations of appellees' petition did not destroy this right to call him for the purpose of cross-examination. As between appellees and Snider, the testimony was clearly admissible; if, as against appellant, the testimony was inadmissible, it should have requested the court to limit the testimony to the issue between appellees and Snider. That request was not made.

On cross-examination appellees made certain inquiries of the manager of appellant's branch company at Memphis, Tenn., in an effort to show that a certain map out of its office was used "in restricting people to certain localities." No statement is made showing or suggesting error in the reception of this testimony.

The court did not permit the introduction of oral testimony to vary the terms of a written instrument. Mr. Snider testified that the contract was in writing; the oral testimony complained of was an attempt by him to state the contents of the written contract.

The court did not err in overruling appellant's motion for instructed verdict.

The judgment of the lower court is in all things affirmed.